Present: All the Justices

RAYNOLD C. GLAZEBROOK, JR., TRUSTEE, ET AL.

                                           OPINION BY
v.  Record No. 022937          JUSTICE DONALD W. LEMONS
                                         October 31, 2003

BOARD OF SUPERVISORS OF SPOTSYLVANIA COUNTY

          FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
                  William H. Ledbetter, Jr., Judge

     In this appeal, we consider whether the Board of

Supervisors for Spotsylvania County ("the Board") provided

adequate notice pursuant to Code § 15.2-2204(A) prior to

holding a hearing and voting on text amendments to the

County's zoning ordinances.

                    I.  Facts and Proceedings

     In response to the perceived threat to the infrastructure

of Spotsylvania County posed by rapid growth, the Board

scheduled hearings for February 6 and 12, 2002 to amend the

County's zoning ordinances.[1]  The advertisements stated the

time, date, and location of the hearing.  They also listed the

zoning districts to be affected, the zoning ordinance section

numbers and titles, and stated that the hearing would affect

"development standards."  A reference to the location of the

_____

     [1] The Board published advertisements in the Fredericksburg
Free Lance-Star on January 23, 2002 and January 30, 2002 for
the hearing on February 6, 2002.  The Board published
advertisements in the same newspaper on January 30, 2002 and
February 6, 2002 for the hearing on February 12, 2002.

full text of the amendment proposals was also included.  Of importance to the case before us, the published notices contained the following:

**Amendment(s)**

**02-A Board of Supervisors:**  Amendments to Chapter 23, Zoning, Article 6, Zoning Districts, of the Code of the County of Spotsylvania, as follows:

**Section 23-6.2.4.  Development standards.** Amend development standards for the agricultural 1(A-1) district.

Chapter 23, Article 6, Division 2, subparagraph 4 (§ 23-6.2.4 of the Code of the County of Spotsylvania) is entitled "Development standards" and encompasses regulations addressing maximum density, road frontage, open space requirements, minimum lot requirements, and other characteristics.  On February 12, 2002, the Board voted to amend these "development standards."

Raynold C. Glazebrook and Realco-Route 3, L.L.C. (collectively, "Glazebrook"), along with a number of parties not before us at this time, brought suit against the Board on multiple grounds including a claim that the Board had failed to publish adequate notice of its proposed amendments as required by Code § 15.2-2204(A).  The Board demurred and the trial court sustained the Board's demurrer on all but two counts, which did not apply to Glazebrook.  On appeal,

2

Glazebrook's two assignments of error challenge the sustaining of the demurrer and encompass only one issue. Glazebrook maintains that the publication in the Fredericksburg Free Lance-Star provided insufficient notice in violation of Code § 15.2-2204(A). Glazebrook asserts that the Board's notice that it would "[a]mend development standards" for the named zoning districts was not specific enough to satisfy the requirement that the Board publish a "descriptive summary" of the action it planned to consider at its hearing. Because of the defect in notice, Glazebrook argues that the ordinance is void ab initio.

## II. Standard of Review

A demurrer tests the legal sufficiency of facts alleged in pleadings, not the strength of proof. We accept as true all facts properly pleaded in the bill of complaint and all reasonable and fair inferences that may be drawn from those facts. W.S. Carnes, Inc. v. Board of Supervisors, 252 Va. 377, 384, 478 S.E.2d 295, 300 (1996); Burns v. Board of Supervisors, 218 Va. 625, 627, 238 S.E.2d 823, 824-25 (1977); Chippenham Manor, Inc. v. Dervishian, 214 Va. 448, 450, 201 S.E.2d 794, 796 (1974). Because appellate review of the sustaining of a demurrer involves a matter of law, we review the trial court's judgment de novo.

3

III.  Analysis

The heart of this controversy is the meaning of the phrase "descriptive summary" in Code § 15.2-2204(A) which provides:

> Plans or ordinances, or amendments thereof, recommended or adopted under the powers conferred by this chapter need not be advertised in full, but may be advertised by reference.  Every such advertisement shall contain a descriptive summary of the proposed action and a reference to the place or places within the locality where copies of the proposed plans, ordinances or amendments may be examined.

(emphasis added).  If the notice published by the Board did not meet the requirements of Code § 15.2-2204, the Board acted outside the authority granted by the General Assembly and the amendments are void ab initio.  See City Council of the City of Alexandria v. Potomac Greens Assoc., 245 Va. 371, 378, 429 S.E.2d 224, 228 (1993)(failure to give required notices rendered an ordinance "void ab initio").

A.  Definition of "Descriptive Summary"

Parsing the phrase "descriptive summary" into its component parts, the word "descriptive" modifies the word "summary."  "Descriptive" means "serving to describe."  "Describe" means "to represent by words written or spoken for the knowledge or understanding of others."  Webster's Third New International Dictionary 610 (1993).  A summary "cover[s]

4

the main points concisely" but "lack[s] detailed explanation."

Id. at 2289.  Thus, a "descriptive summary" is a statement

that covers the main points concisely, but without detailed

explanation, in a manner that serves to describe an object for

the knowledge and understanding of others.

This literal definition of the phrase establishes the

foundation for interpretation of what satisfies the

requirements of Code § 15.2-2204(A).  If the notice does not

cover the main points of the proposed amendment and does not

accurately describe the proposed amendment, it does not

satisfy Code § 15.2-2204(A).  However, the notice need not

contain the full text of the proposed amendment, nor explain

the proposed amendment in detail.

Other language of Code § 15.2-2204(A) requires that the

notice published by a locality "specify the time and place of

hearing at which persons affected may appear and present their

views."  Code § 15.2-2204(A).  This language suggests that the

intent of the statute is to generate informed public

participation by providing citizens with information about the

content of the proposed amendments and the forum for debate

concerning those amendments.  There is no indication that the

General Assembly expected affected citizens to engage in legal

research in order to decide whether to participate in the

hearing or to decide what their interests may be in a proposed amendment. See also Lawrence Transfer & Storage Corp. v. Board of Zoning Appeals of Augusta, 229 Va. 568, 571, 331 S.E.2d 460, 462 (1985) (determining that the intent of subsection B of the statute replaced by Code § 15.2-2204 was "to afford property owners who are closest to the land involved an opportunity to be heard by the Board.").

In City of Portsmouth v. County of Suffolk, 198 Va. 247, 251, 93 S.E.2d 296, 300-01 (1956), we held that former Code § 15.1-152.5, requiring publication of an "informative summary" of proposed annexations, was designed to "supply those who may be affected thereby, or interested therein, with certain information from which they may determine whether or not to act in support of or against the proposed annexation."[2] Although it involves a different portion of the Code, the opinion expresses the same concerns that drive the need for adequate public notice in the zoning context. We have previously stated that, as a whole, Virginia's zoning statutes are designed to prevent zoning changes from being made "suddenly, arbitrarily, or capriciously." Bd. of Supervisors

---

[2] The General Assembly has since changed the language to require a "descriptive summary" of the annexation ordinance. Code § 15.2-3204. The motivation for the change is not clear and the two phrases are not, on their faces, significantly different.

of Fairfax County v. Snell Construction Corp., 214 Va. 655, 658, 202 S.E.2d 889, 892 (1974).

The history of Code § 15.2-2204(A) adds further illumination. Prior to 1992, the statute did not require the notice published by the locality to contain a "descriptive summary" or a summary of any kind. In 1992, the General Assembly inserted the "descriptive summary" requirement. Acts 1992 ch. 757. This change by the General Assembly suggests that it is not enough to provide information that will merely direct readers to the physical location of the actual text of the proposed amendments. The "descriptive summary" requirement goes beyond referral to the primary document.

### B. The Notice

We must determine whether the notice published by the Board in the Fredericksburg Free Lance-Star contained a "descriptive summary" as required in Code § 15.2-2204(A). The notice merely stated that the "development standards" for the specified zoning districts in question would be amended. "Development standards," as the phrase is used in the ordinance, is a heading within which are a number of subheadings describing specific regulations. In other words, "development standards" is the umbrella title for regulations including minimum road frontage, residential and non-

7

residential densities, lot areas for various uses, minimum lot width, and maximum height of structures on the land.

We hold that the notice published by the Board did not contain a sufficiently descriptive summary of the proposed amendments to the Spotsylvania County zoning ordinances. No citizen could reasonably determine, from the notice, whether he or she was affected by the proposed amendments except in the most general sense of being located in a particular type of zoning district. Nor could a citizen determine whether the proposed amendments affected zoning issues that were of interest or concern to the citizen. Given the number of issues subsumed under the heading "development standards," using that heading as a descriptive summary fails to inform citizens of the universe of possible zoning ordinance amendments in any meaningful way. Both the evolution of the statute and the treatment of analogous statutes illustrate that such a notice is inadequate under Code § 15.2-2204(A).

We do not, in this opinion, attempt to dictate the exact language of future notices, nor do we seek to establish a bright line rule. However, considering the intent and language of the statute, the notice in this case was inadequate. Because the notice was inadequate in failing to provide a "descriptive summary," the Board acted outside the

8

powers granted to it.  See Code § 15.2-2204; Potomac Greens Assoc., 245 Va. at 378, 429 S.E.2d at 228.  Consequently, the zoning ordinances passed pursuant to the notices published on January 23, January 30, and February 6, 2002 and at issue in this case are void ab initio.

IV.  Conclusion

For these reasons, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

Reversed and remanded.