# CIRCUIT COURT OF THE CITY OF RICHMOND

John Cranor

v.

Homebuyers Inspections, Inc.,
Eastern

February 2, 2005

Case No. CH04-1320-1

BY JUDGE MELVIN R. HUGHES, JR.

In this proceeding brought in equity, Plaintiff seeks a declaration that an August 1, 2000, employment agreement containing a covenant not to compete is unenforceable.

Defendant, Plaintiff's former employer, has responded with an Answer and Cross-Bill. In the Cross-Bill counts II, III, and IV, Defendant seeks, respectively, damages for tortious interference with contracts and/or business expectancies, breach of fiduciary duty, and violation of Virginia's Uniform Trade Secrets Act, Va. Code § 54-1336 *et seq.* In addition, Defendant prays for an award of punitive damage. Plaintiff's Demurrer to these counts and punitive damages is before the court for resolution.

Under well-settled principles, the court will consider the allegations in the Cross-Bill as given for purposes of a ruling on their sufficiency in law. *Glazebrook v. Board of Supervisors*, 266 Va. 550, 554, 587 S.E.2d 589, 591 (2003). Defendant is a corporation, whose business is home inspections. On or about August 1, 2000, Defendant hired Plaintiff to conduct home inspections and to develop business in central Virginia. The parties executed an Employment Agreement, which contains provisions for non-competition and a prohibition against divulging Defendant's confidential information. With regard to non-competition, the Agreement provides:

> [O]n the termination of [his] employment with Employer for any reason, the Employee will not operate a home inspection business or in anyway aid and assist any other person to operate such a business in the 804 area code territory for a period of 24 months for the date of termination of Employee's employments.

In addition to this provision, the Agreement says that Plaintiff "promises to keep Employer's business secrets confidential during and after the term of employment."

After Plaintiff resigned his position in August 2003, Defendant discovered that Plaintiff was operating a home inspection business in the 804 code area and came to believe that Plaintiff was using confidential information in the operation of his business. Defendant then demanded of Plaintiff that he cease these actions to no avail.

Plaintiff demurs to Count II, covering the tortious interference claim, asserting that Defendant has not specified the nature of the contracts interfered with or the specific interference Plaintiff is said to have engaged. Elements of such a claim, where the contract is not terminable at will, are (1) existence of a valid contractual relationship or business expectancy; (2) knowledge of relationship or expectancy on the part of the Defendant; (3) intentional interference, inducing or causing breach or termination; (4) damages. *Duggin v. Adams*, 234 Va. 221, 360 S.E.2d 832 (1987). If the contract is terminable at will, in addition to these elements, Plaintiff must allege and prove that the Defendant used improper means. *Id*. A review of the allegations in this count reveal that the elements are alleged. The specifics, as they relate to what contracts and the very type of interference, are matters left to discovery. The demurrer to Count II is overruled.

Plaintiff demurs to Count III covering breach of fiduciary duty, contending that such claim only lies while the employee remains in employment. In *Hilb, Royal & Hamilton Co. v. DePew*, 247 Va. 240 (1994), a case with a claim involving a noncompete and a claim for tortious interference, the court found that post-termination activities were not a violation of a fiduciary duty said to have been owed by former employee to a former employer. Accordingly, the demurrer to Count III is sustained.

Plaintiff demurs to Count IV covering a violation of the Virginia Uniform Trade Secrets Act, Va. Code § 59.1-336 *et seq.*, stating that the count is lacking in specificity because no trade secrets are alleged. The Statute defines "trade secret" as:

information, including but no limited to, a formula, pattern, compilation, program, device, method, technique, or process, that:

1. Derives independent economic value, actual or potential for not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use, and

2. Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

Count IV lacks the specificity dictated by the meaning of "trade secret" to amount to a claim under the Statute. The demurrer to Count IV is sustained.

And lastly, as to punitive damages, because there is an intentional tort remaining and Defendant has alleged Plaintiff's actions are malicious, willful, and wanton, etc., the claim for punitive damages withstands demurrer. *Simbeck, Inc. v. Dodd Sisk Whitlock Corp.*, 257 Va. 531, 508 S.E.2d 601 (1999). The demurrer with respect to punitive damages is overruled.

In the instances where the demurrer is sustained, Defendant shall have leave to file an amended Cross-Bill within seven days of the entry of the order with any responsive pleading due to be filed within ten days of service of any such amended pleading.