# CIRCUIT COURT OF LOUDOUN COUNTY

Little Piney Run Estates, L.L.C.

v.

Loudoun County
Board of Supervisors et al.

Case No. CL 43792

Purcellville West, L.L.C.

v.

Loudoun County
Board of Supervisors et al.

Case No. CL 43793

FBJ Real Estate, L.L.C.

v.

Loudoun County
Board of Supervisors et al.

Case No. CL 43794

Light Tract/Old Wheatland
Partners, L.L.C., et al.

v.

Loudoun County
Board of Supervisors et al.

Case No. CL 43795

Aberdeen, L.L.C.

v.

Loudoun County
Board of Supervisors et al.

Case No. CL 43796

John Roy Mann
and Sally Mann

v.

Loudoun County
Board of Supervisors et al.

Case No. CL 43797

Mary Ball Sauer

v.

Loudoun County
Board of Supervisors et al.

Case No. CL 43798

Rock River Trust Co.,
Trustee for the
Hewitt Beer Family Trust

v.

Loudoun County
Board of Supervisors et al.

Case No. CL 43799

Lovettsville Sunrise, L.P.

v.

Loudoun County
Board of Supervisors et al.

Case No. CL 43800

November 30, 2007

By Judge Thomas D. Horne

These are actions for declaratory and other relief initiated by interested property owners seeking to challenge Amendments to the Comprehensive Plan, Zoning Ordinance, and Zoning Map made by the Loudoun County Board of Supervisors. Responsive pleadings were filed by the defendants that included demurrers and pleas in bar. Additionally, the parties have filed motions for summary judgment relative to threshold issues raised by the responsive pleadings. The initial complaint in each of these cases was subject to amendment and amplification by way of a bill of particulars. As there are pretrial matters common to each of the cases, the Court proceeded collectively to receive argument, both written and oral, and evidence on the issues presented.

Eight of the nine plaintiffs are landowners whose properties were rezoned to a AR-1 Zoning District by 2006 Zoning Ordinance Amendments. Rock River Trust Co., Trustee for the Hewitt Beer Family Trust, is a landowner affected by the AR-2 Zoning District Amendments.

The issues upon which testimony was received and argument heard, both orally and in writing, relate to the procedural background of the contested Amendments to the Zoning Ordinance and Map. By way of demurrer, pleas in bar, and motions for summary judgment, the parties have called upon the Court to resolve certain issues common to all of these cases. They include the failure of the Board of Supervisors of Loudoun County to refer certain Amendments to the Planning Commission prior to passage, alleged

imperfections in the notice given the public by the board, the failure of the newspaper in which such notices were published to meet legislative requirements necessary to publication, and defective notice relating to the minimum lot size for "rural economy lots."

In that these issues are common to each case, they have been briefed and argued collectively. In each case, should the Court find itself in agreement with the position of the plaintiffs, the action or inaction of the Board in contravention of procedures necessary to enactment would render the pendent Amendments a nullity or void *ab initio*.

Procedurally, the Court will consider, as appropriate to the issue raised, the motions for summary judgment, pleas in bar, and demurrers. Within the context of this case, the Court received evidence by way of exhibits and testimony as appropriate to a consideration of the pleas and motions for summary judgment.

On a plea in bar, testimony and exhibits are properly received and considered. The issue of the legal capacity of the *Times-Mirror* to publish notice is one ripe for adjudication by way of Plea. This is a singular issue, not going to the reasonableness of the action of the Board in amending the Zoning Ordinance and Map, that will dispose finally of an issue upon which propriety of the Board's action rests. See generally, John L. Costello, *Virginia Remedies*, § 602, 6-3, 6-4 (3d ed. 2005).

Likewise, summary judgment is appropriate to a consideration of the remaining notice issues based upon the extant record. Both are ripe for judicial review. Va. Sup. Ct. R. 3:20. A summary of the findings of the Court and an identification of unresolved issues appears contained at the conclusion of this opinion.

Plaintiffs' properties were, prior to adoption of the Zoning Amendments under consideration, zoned A-3 (one dwelling unit per three acres). These Amendments were proposed and adopted after a ruling by this Court following a mandate from the Supreme Court of Virginia invalidating prior zoning of the properties. *Gas Mart Corp. v. Board of Supervisors*, 269 Va. 334 (2005). Subsequent to the enactment of the Amendments, the affected parcels were rezoned to AR-1 (base density of one lot per 20 acres) and AR-2 (base density of one lot per 40 acres). There are permitted options that a landowner may use to modify these densities.

Plaintiffs contend that the publication of the notice of the intent to amend the Zoning Ordinance is ineffective. That is, the print media used to publish such notice did not qualify as a newspaper legally permitted to do so. Va. Code Ann. § 8.01-324. Accordingly, the plaintiffs suggest any Amendments enacted pursuant to notice so published are a nullity. Counsel for the newspaper was permitted to appear and argue as *amicus curiae*.

Notice of the Zoning Amendments was published in the *Loudoun Times-Mirror* newspaper in May and November of 2007. ArCom Publishing, Inc., publishes the *Loudoun Times-Mirror*. In order for the *Loudoun Times-Mirror* to have qualified for the publication of legal notices in the County of Loudoun, it would need to meet the following requirements:

> 1. Have a bona fide list of paying subscribers;
> 2. Have been published and circulated at least once a week for twenty-four consecutive weeks without interruption for the dissemination of news of a general or legal character;
> 3. Have a general circulation in the area in which the notice is required to be published;
> 4. Be printed in the English language; and
> 5. Have a second-class mailing permit issued by the United States Postal Service.

Va. Code Ann. § 8.01-324.

The Court has previously ruled that the plaintiffs may not collaterally attack the validity of the issuance of the second-class mailing permit (now known as a "periodicals mailing privileges"). Compliance with the provisions of the Code of Virginia is a factual matter upon which evidence was introduced and considered on the plea. Whether the paper was in transition from years of being a paid publication to an unpaid status and how others may have treated the paper, while relevant evidence, are not determinative of the issue.

The Court finds on the evidence before it that the *Loudoun Times-Mirror*, at the time of the publication of the notices in question:

> 1. Had a bona fide list of paying subscribers, that is, more than a *de minimis* number;
> 2. Had been published and circulated at least once a week for twenty-four consecutive weeks without interruption for dissemination of news of a general or legal character;
> 3. Had a general circulation in the area in which the notice was required to be published, given the diversity of the news published and of the interests of its subscribers and the breadth of the area in which the *Loudoun Times-Mirror* is circulated and distributed;

4. Was printed in the English language; and

5. Had a second-class mailing permit issued by the United States Postal Service.

Accordingly, the challenge to the published notices predicated upon a failure of the *Loudoun Times-Mirror* to comply the provisions of Va. Code Ann. § 8.01-324 is denied.

Plaintiffs also seek to invalidate the Amendments based upon a failure of the published notices to adequately provide a descriptive summary of the main points of the action the Board would eventually take. This issue and its subset of specific complaints are addressed by way of motions for summary judgment and demurrers.

These complaints, as to the adequacy of the notice given, arise out of the legislative directive (subject to Dillon Rule nullification) that the advertising of proposed zoning Amendments may be referenced but that, if not published in full, must contain a descriptive summary of the contemplated action. Va. Code Ann. § 15.2-2204(A). The Supreme Court of Virginia has given trial courts guidance in determining the adequacy of the notice given. Thus, it has held that, "a 'descriptive summary' is a statement that covers the main points concisely, but without detailed explanation, in a manner that serves to describe an object for the knowledge and understanding of others." *Glazebrook v. Board of Supervisors*, 266 Va. 550, 554, 555 (2003).

The rule to be applied is an objective one in which the sufficiency of the summary is evaluated, not by a bright line test, but from the standpoint of the parties affected by the proposed legislative act. Thus, in finding a published summary deficient, the Supreme Court has commented that:

> [n]o citizen could reasonably determine, from the notice, whether he or she was affected by the proposed Amendments except in the most general sense of being located in a particular type of zoning district. Nor could a citizen determine whether the proposed Amendments affected zoning issues that were of interest or concern to the citizen.

*Id.* at 556.

Inadequacy of the published summary requires invalidation of those Amendments affected by the deficient notice. Under such circumstances, the actions of the Board would be deemed void *ab initio*.

A central point of contention is the nature of the Amendments relative to the hearing notice given by the Board on two separate occasions, May and November 2006. Plaintiffs argue in their papers:

> [i]f the Board had decided that it would advertise proposals, and, indeed, a combination of alternate proposals, then it was obligated to provide on the face of a single notice a descriptive summary of each of the alternatives being considered, and a concise statement to alert citizens that those alternatives might be combined into yet additional alternatives. The Board lost its authority to act on the May Notice after it decided that it would no longer consider the content of the May Notice as a singular proposal. Whoever drafted the November public notice decided instead that the Board would continue to consider the content of the May Notice as an alternative to the content of the November Notice, and further, that it would consider each element of those respective Amendments as severable elements that could be combined into other alternative combinations. By doing so, the main points of the proposed action were lost.

Plaintiffs further suggest that the reference to the May notice in the second publication is a "disclaimer." The word "disclaimer" connotes renunciation of a position previously taken. What was published is not a disclaimer. As worded it states:

> Please note: The Board previously published notice of the Amendments on May 24 and May 31, 2006, and conducted a public hearing on June 7 and 10, 2006. This notice reflects changes and corrections to the Zoning Ordinance Text and Zoning Map Amendments as described in the prior notice. These changes and corrections are the result of the review by the Board of Supervisors after its June 7 and 10, 2006, public hearing on the Amendments. The Board of Supervisors will continue to consider the Amendments as previously prepared and noticed, including the Planning Commission recommendations contained therein, as well as any changes and corrections included as part of this notice.

No obligation to publish again what has previously been published relating to the pending Amendments is required by statute. If not so required, this Court is not free to create such a requirement. Read together, the notice furnishes the main points of the Amendments that, upon objective review, serve to notify the public of the intended action.

Defendants suggest that plaintiffs' allegations of defective notice do not rise to the level of "main points" descriptively summarized, as would require further elucidation in what appeared in the newspaper. Without reviewing in detail each suggestion of omission, the Court is of the opinion that the published notice serves to adequately inform those affected in a way that identifies issues of interest and would incite action. It covers the main points relative to the Board action taken.

The published Notice identifies that the Amendments to be made affect the Zoning Ordinance and Zoning Map and where necessary, specifies the general nature of the Amendments with reference to the location of the affected areas. The advertisement indicates that definitions in Article 8 would be added and amended consistent with changes in the districts, densities, and uses affected. The level of detail that plaintiffs suggest is necessary to survive scrutiny is not one that is contemplated by statute or required by the rule enunciated in *Glazebrook*.

The advertisements in these cases are far removed from the use of a vague reference to "development standards" in *Glazebrook*. The instant notices would put members of the public on notice as to whether they should conduct a further review of the Amendments where filed and/or attend the public hearings. Plaintiffs suggest that the Board could not enact the Amendments based upon notices that, when read together, offered a smorgasbord of proposals that could be considered in various combinations with each other. However, as defendants have observed, the notice given need not, "contain an accurate forecast of the precise action which the County Board will take upon the subjects mentioned in the notice of hearing." *Ciaffone v. Community Shopping Corp.*, 195 Va. 41, 50 (1953).

Although plaintiffs find fault with the published Notices, with one minor exception, the Court disagrees. That one exception involves a conceded error in the identification of a fifteen foot side yard requirement for the Cluster Subdivision Option in the AR-2 (applicable only to Rock River) District.

As noted, the draft text of the Amendments and the adopted side yard was fifteen feet. While not necessarily an issue raised by the *Glazebrook* analysis, it would seem that logic would dictate that a conceded error in publication, even if not a main point, could not be relied upon in adopting the relevant amendment to the ordinance. Such a Notice would not be notice of a "proposed action" since it was never the Board's intention to consider or propose such an Amendment as was advertised.

While the ultimate result may be, as defendants observe, that the setback revert to the 25 feet existing minimum, nevertheless, the point has been made and requires review by the Court.

In all other respects, the Notice given satisfies the requirements of Va. Code Ann. §§ 15.2-2204(A), 15.2-2285(C). Insofar as these plaintiffs have requested invalidation of the Amendments predicated upon an alleged violation of the statutory notice provisions, the motion for partial summary judgment filed by the defendants is granted and that claim is dismissed.

It is the contention of the plaintiffs that it was a necessary condition precedent to the adoption of the Zoning Ordinance Amendments, that the Amendments be referred a second time to the Planning Commission for its review. Va. Code Ann. §§ 8.01-324, 15.2-2204, 15.2-2285. No such reference was necessary. While the plaintiffs argue that substantive changes to the Amendments were made after an initial review and that such changes were so significant to no longer be encompassed within the original published notice respecting commission review, those arguments are not supported by either the record or legislative requirement.

The pleadings do not suggest that the plaintiffs' property was zoned to a more intensive use category; that would have required an additional notice and hearing. By prohibiting the second notice, the Board rather than inviting debate invited continuing public participation in the deliberative process.

Although the Board made changes to the ordinance subsequent to the consideration of the proposed Amendments by the Commission, the Board was under no obligation to refer these Amendments back to the Planning Commission prior to adoption. Each step necessary to affect adoption finds support in the record. In adopting a resolution indicating intent to amend, transmittal of the Amendments to the Planning Commission, public hearing notice by the Commission, a hearing by the Commission on the Amendments and report to the Board, notice by the Board, and public hearings by the Board prior to adoption, defendants satisfied legislative requirements sufficient to adopt the Amendments.

The responsive pleadings, including pleas and demurrers to the remaining counts of the various complaints are reserved for argument. In summarizing the findings of the Court relative to the common issues presently before the Court, the identification of the various counts affected by the ruling are indicated first with reference to the majority of the cases. If the subject is addressed in a count differing from the majority of cases, then the count is so noted following identification of the case affected.

*Summary*

The Court has previously sustained the demurrer of the Board to Count I of the complaint in each of the cases and dismissed the claim. As noted above, it was unnecessary to refer the matter of the Amendments back to the

Planning Commission prior to adoption. Even were the Court to assume, without deciding, that certain Amendments zoned land to a more intensive use, the Board complied with its obligation to afford an additional public hearing after notice in compliance with Va. Code Ann. §§ 15.2-2204, 15.2-2285. The facts pleaded do not support the relief requested. (Aberdeen, L.L.C.; Mann; Sauer; Little Piney Run; FBJ Real Estate, L.L.C.; Purcellville West, L.L.C.; Light Tract/Old Wheatland Partners, L.L.C., et al.; Rock River, Count II; Lovettsville Sunrise, Limited Partnership.)

The Court will grant the motion for partial summary judgment as to Count II in favor of the defendants and dismiss the count in each case. Advertising the Amendments in the *Loudoun-Times Mirror* complied with the statutory and *Glazebrook* requirements (excepting the fifteen foot side yard in the AR-2 District) for orders of publication required for the Board to rezone the properties. The plea in bar to the claim regarding the status of the *Loudoun Times-Mirror* at the time of publication is sustained. As noted, the *Loudoun Times-Mirror* met the requirements of Va. Code Ann. § 8.01-324 at the time of publication of the notices. (Aberdeen, L.L.C.; Mann; Sauer; Little Piney Run; FBJ Real Estate, L.L.C.; Purcellville West, L.L.C.; Light Tract/Old Wheatland Partners, L.L.C., et al.; Rock River, Count I; Lovettsville Sunrise, Limited Partnership.)

The Court will grant summary judgment in favor of the defendants with respect to Count III and dismiss the claim set forth therein. The Board adopted a fifteen-acre minimum lot size for rural economy lots, an action that was contemplated in the May notice. While the November notice indicated a seven-acre minimum lot size, this does not undermine the authority of the Board to act in accordance with the previously published notice. (Aberdeen, L.L.C.; Mann; Sauer; Little Piney Run; FBJ Real Estate, L.L.C.; Purcellville West, L.L.C.; Light Tract/Old Wheatland Partners, L.L.C., et al.; Lovettsville Sunrise, Limited Partnership.)

Argument is deferred as to Count IV. This claim addresses the issue of the application of Va. Code Ann. § 15.2-2286(A)(12), in effect at the time of the adoption of the ordinance, and whether it would limit the authority of the Board to restrict the creation of "Rural Economy Lots" to residential purposes. (Aberdeen, L.L.C.; Mann; Sauer; Little Piney Run; FBJ Real Estate, L.L.C.; Purcellville West, L.L.C.; Light Tract/Old Wheatland Partners, L.L.C., et al.; Lovettsville Sunrise, Limited Partnership.)

Argument on the demurrer is deferred. The issue presented is whether the facts pleaded justify a cause of action for piecemeal downzoning of the subject tracts. (Aberdeen, L.L.C.; Mann; Sauer; Little Piney Run; FBJ Real Estate, L.L.C.; Purcellville West, L.L.C.; Light Tract/Old Wheatland Partners, L.L.C., et al.; Rock River, Count IV; Lovettsville Sunrise, Limited Partnership.)

Argument on the demurrer is deferred. The claims raised by the responsive pleadings to Count VI relate to the adequacy of the facts pleaded to support a finding that certain property owners are entitled to vested rights in land development plans. (Aberdeen, L.L.C.; Mann, Count VII; Sauer; Purcellville West, L.L.C.; Light Tract/Old Wheatland Partners, L.L.C., et al.; Rock River, Count VI.)

Argument on the demurrer is deferred. These demurrers relate to the adequacy of the pleadings to sufficient facts to justify a finding of exclusionary zoning. (Aberdeen, L.L.C.; Mann, Count VI; Sauer; Little Piney Run, Count VI; FBJ Real Estate, L.L.C., Count VI; Purcellville West, L.L.C.; Light Tract/Old Wheatland Partners, L.L.C., et al.; Rock River, Count V; Lovettsville Sunrise, Limited Partnership, Count VI.)

Argument on the demurrer is deferred. Defendants contend by way of demurrer that the claims of the plaintiffs relative to the reasonableness of the Amendments are inadequate. (Aberdeen, L.L.C.; Mann, Count VII; Sauer; Little Piney Run, Count VII; FBJ Real Estate, L.L.C., Count VII; Purcellville West, L.L.C.; Light Tract/Old Wheatland Partners, L.L.C., et al.; Rock River, Count VII; Lovettsville Sunrise, Limited Partnership, Count VII.)