## CIRCUIT COURT OF FAUQUIER COUNTY

James Rohr

    v.

Fauquier County
Board of Supervisors,
Fauquier County,
and Cross Creek
Investments, L.L.C.

April 24, 2008

Case No. CL07-676

BY JUDGE JEFFREY W. PARKER

This matter comes before the Court as a result of Pleas in Bar and Demurrers filed by all Defendants to the Complaint for Declaratory Judgment and Other Relief filed by the Plaintiff. To a large extent, the Defendants make similar arguments and take similar, if not identical, positions on these issues, and to the extent that this is the case, the Court will not differentiate between them in this opinion.

The Plaintiff, James Rohr, seeks to have a certain Resolution passed on November 8, 2007, by the Defendant, Fauquier County Board of Supervisors ("Board") declared invalid. On that date, the Board approved a Special Exception permit authorizing Defendant, Cross Creek Investments, L.L.C. ("Cross Creek") to construct a shopping center of up to 225,000 square feet with accompanying signage in the New Baltimore Service District of Fauquier

County. Up to 150,000 square feet[1] of this shopping center is the square footage allotment designated for construction of a Costco Store building. This is referred to in the pleadings as a "big box" store, although this reference is not contained in any applicable zoning ordinance or in the Resolution.

The location of the proposed shopping center is between State Route 29 and 15, a major north-south, four-lane divided highway, and State Route 660, a local secondary road. The essence of the controversy concerns the approval for construction of the Costco store because of its size as it relates to this location.

The Plaintiff is the owner of 6.9 acres of improved real estate fronting on State Route 600, approximately 2000 feet[2] from the closest point of the thirteen parcels which make up the Cross Creek tract. The Plaintiff has resided at this location for approximately sixteen years. The parties have identified seven issues in this matter.

The Plaintiff claims:

(1) The Resolution is inconsistent with the comprehensive plan, both generally and specifically;

(2) The advertised Notice failed to give a sufficiently descriptive summary;

(3) The advertised Notice was inaccurate[3] and, as a result, defective.

The Defendant claims:

(1) That the action of the Board was fairly debatable and nothing was alleged in the Complaint to the contrary;

---

[1] One portion of the Resolution authorizes 148,000 sq. ft. of retail space and 2,500 sq. ft. of office space; but a later portion of the same Resolution states the footprint shall not exceed 150,000 sq. ft. The Court will refer to the later total as the correct amount.

[2] This Court took evidence during the combined hearing on the plea in bar and the demurrer. The distance of the plaintiff's property from the Cross Creek property was provided by testimony and exhibits. The distance was not stated in the pleadings; therefore, during the Court's discussion herein of the demurrer, any facts received by the Court during the Plea will be disregarded.

[3] This inaccuracy was not clearly stated in the pleadings. However, it was fleshed out in the briefs and, as the parties were placed on notice (Rules of Supreme Court 1:4(d)), this argument will be considered and ruled upon at this time.

(2) The Plaintiff failed to allege facts sufficient to support his status as an aggrieved party;

(3) That the physical distance of the Plaintiff's land from the subject tract is insufficient as a matter of law to provide the Plaintiff standing to object to the Resolution;

(4) The County is not a proper party to this proceeding.

These issues will be addressed below.

### Discussion

### I. *Is the County a Proper Party Defendant?*

The recent case of *Miller v. Highland County*, 274 Va. 355, 650 S.E.2d 532 (2007), dealt directly with this question, ruling that the Board of Supervisors as an entity and not the County is the proper party Defendant in a declaratory judgment action involving a zoning question. Applying Va. Code § 15.2-2285, the Court held that the governing body, to wit the Board of Supervisors is the "entity that rendered the contested decisions," *id.* at 366, and hence the proper Defendant. Therefore, the demurrer of Fauquier County will be sustained with prejudice and the case dismissed as to the County.

### II. *Was the Advertised Notice Sufficient?*

In anticipation of the public hearings to be held on the subject, the Board advertised on September 13, 2007, and October 11, 2007, notices in the *Fauquier Times-Democrat* a newspaper of general circulation in the County, the following Notice:

> 13. rezoning rezn07-sc-007 and special exceptions spex07-sc-013 & spec-7-sc-014 – cross creek investments, 1.L.C., Owners and applicants – cross creek – Applicant wishes to rezone approximately 8.5 acres from Residential-1 (R-1) to Commercial 2 (C-2). The applicant also wishes to obtain a Category 12 Special Exception to allow for a shopping center of more than 50,000 Square feet and a Special Exception for additional signage. The property is located on the south side of Route 29/15 and connects to Broad Run Church Road (Route 600), Scott District. (PIN 7906-83-2379-000, 7906-82-4798-000, 7906-72-7260-000, 7906-82-3462-000, 7906-82-1816-000,

7906-72-6542-000, 7906-72-8385-000, 7906-82-5418-000, 7906-72-6341-000, 7906-82-0266-000, 7906-92-0958-000, 7906-83-7378-000) (Holly Meade, Staff).

Copies of the above file are available for review in the County Administration Office, 10 Hotel Street, Warrenton, Virginia, Monday through Friday, 8:00 a.m. to 4:30 p.m.

Notice of Public Hearings to consider a Special Exception to the local zoning law must be advertised once a week for two successive weeks. Va. Code (1980) § 15.2-2204(A). This Code Section further provides that the proposed Resolutions:

> need not be advertised in full, but may be advertised by reference. Every such advertisement shall contain a *descriptive summary* of the proposed action. . . .

(Emphasis added.)

The intention of Cross Creek by this advertisement was two-fold: first, to rezone the property and, second, to receive a special exception permit to build a shopping center. The ad sets forth in general terms what the applicant wishes to construct and identifies approximately where it wishes to construct it.

The requirement that the advertisement of a public hearing also contain a descriptive summary has been interpreted by two seminal cases. In *Glazebrook v. Board of Supervisors*, 266 Va. 550, 587 S.E.2d 589 (2003), the Supreme Court determined whether a notice stating only that the Board would "amend development standards" as contained in the newspaper ad provided a sufficient descriptive summary of the intended action. In reversing the trial court, it was held that a descriptive summary must "cover the main points concisely, but without detailed explanation, in a manner that serves to describe an object for the knowledge and understanding of others." 266 Va. at 554-55. As the Notice did not describe the proposed Amendment, but only mentioned the subject matter to be addressed, it was held to be an inadequate description of the action to be taken. 266 Va. at 557.

In the case of *Gas Mart Corp. v. Board of Supervisors*, 269 Va. 334, 611 S.E.2d 340 (2005), the County ran a lengthy ad in the local paper outlining the proposed revision of the entire County zoning ordinance, together with proposed amendments to the zoning map. As in *Glazebrook*, some of the summaries only contained the subject of the intended action of the

Board, i.e. implementation of "the Conservation Design Policies in the Revised General Plan," without summarizing the actual design policies to be implemented. 269 Va. 346-47.

Additionally, some of the notices vaguely referred to property "in the western portion of the County" and were "inaccurate and misleading." *Id.* at 347. The Supreme Court in invalidating the Notice held that the average citizen could not reasonably determine from reading the ad whether he or she was affected by the proposed amendments based upon the description provided. *Id.* In light of the guidance provided by this opinion, the Court will examine the subject Notice.

The test for demurrer is set forth in *Glazebrook* as follows:

> A demurrer tests the sufficiency of the facts alleged, in pleadings and not the strength of proof. We accept as true all facts properly pleaded in the Bill of Complaint and all reasonable and fair inferences that may be drawn from these facts.

*Glazebrook*, 266 Va. at 554.

Initially, was the notice sufficiently descriptive of the proposed action to be taken by the Board? There is no question that the Notice described the commercial activity the applicant intended to take, that is, the construction of a shopping center. However, the Plaintiff argues that this description was inadequate due to the fact that a big box store three times the size of the minimum square footage of the zoning district was permitted by the Resolution.

The ad does not state the shopping center is 50,000 sq. ft., but that it is over 50,000 sq. ft., consistent with the permissible zoning requirement. Thus, the proposed action that was noticed was for approval of a shopping center of significant size (over 50,000 sq. ft.) located in an area of approximately 8.5 acres. The parameters of the project's size were disclosed by it being described as more than 50,000 sq. ft., but less than 8.5 acres, subject of course, to set back, entrance, and other zoning requirements as provided by law.

The extent of the exact size or breakdown of the type of stores proposed for the shopping center was contained in the documents in the County Administration Office. This advertisement was not insufficient as a matter of law, as it described the *action* to be taken by the Board, the *subject* of the actions (construction of a shopping center), and the *location* of the actions (PINS located between two identifiable roads).

The fact that all of the details of the proposal were not contained in the actual ad itself does not render it defective.

"It is important to provide a balance of information so that the public is adequately informed without being overwhelmed by technical or legal language to the point that they cannot interpret the advertisement." *In re Zoning Ordinance Amendments Enacted by the Board of Supervisors of Loudoun County*, 67 Va. Cir. 462 (2004). Nowhere does the local zoning ordinance use the term "big box" or address the maximum square footage of a store in this section of the ordinance, such that it must be identified in the Notice as Plaintiff contends here.

It was further argued by the Plaintiff that two inaccuracies in the Notice render it void *ipso facto*. These inaccuracies were (1) failure to list PIN 7906-83-4172 and (2) transposing the PIN numbers of one of the tracts 7906-82-5418 with 7906-82-5148.

Although this question was identified in the demurrer, this issue really is best dealt with from the perspective of a plea in bar. Evidence was presented showing the number of the parcels, thirteen, contained in the 8.5 acre tract. The omitted parcel is not situated on the footprint of the Costco, but is adjacent to the other twelve parcels. The transposed parcel does not independently exist, and all the parcels were correctly listed in the application contained in the County offices. Unlike the situation in *Gas Mart* that covered a large expanse of Loudoun County, the subject area is relatively small and self contained. The aerial photos submitted into evidence suggest that the area between Rt. 600 and Rt. 29/15 in Broad Run is modest in size when viewed from a geographical perspective.

A County citizen from that area, reading the notice, would reasonably be able to determine if he or she would be affected by the proposed action. *Glazebrook* at 556. Unlike the instant case, in *Gas Mart*, the Board failed to state any specific geographic boundaries or landmarks. The areas affected in that case were "most of the western portion of the County." *Gas Mart Corp.*, 269 Va. at 347.

Although situations could conceivably arise where typographical mistakes could cause genuine confusion, in this case, after review of the evidence, this Court finds that the errors are not sufficient to create any genuine confusion. The Court sustains the plea and the demurrer and strikes this issue from the Complaint of the Plaintiff with prejudice. *Ward's Equipment, Inc. v. New Holland North Am.*, 254 Va. 379, 387, 493 S.E.2d 516 (1997).

### III. *Did the Supervisors Improperly Disregard the Comprehensive Plan?*

The next issue concerns the impact of the Comprehensive Plan and the extent to which it should have guided and directed the Supervisors.

The Plaintiff in his Complaint alleges that "big box stores are to be precluded in the New Baltimore Service District" according to the Comprehensive Plan. No paragraphs or page numbers were cited for that assertion. The Comprehensive Plan for the New Baltimore Service District, consisting of 55 pages, was attached to the Plaintiff's Complaint. This Court could find no reference to, or definition of the term "big box" in the Comprehensive Plan. However, the Court did locate the following:

> Commercial Land Use. . . . Building Scale: Building footprints should not exceed 12,500 square feet and not exceed a total of 25,000 square feet. The maximum height should not exceed 35 feet.

The adopted Resolution clearly contravenes this guideline, but does not contravene the governing statute.

> The comprehensive plan shall be made with the purpose of guiding and accomplishing a coordinated, adjusted, and harmonious development of the territory which will . . . best promote the health, safety, morals, order, convenience, prosperity, and general welfare of the inhabitants.

Va. Code (1950) § 15.2-2223.

Although the Plaintiff cited *Cole v. City Council*, 218 Va. 827, 241 S.E.2d 765 (1978), in support of its position, that case is not applicable here. In *Cole*, the trial court upheld the Waynesboro City Council's grant of a special exception permitting a ten-story apartment complex in a residential neighborhood. In reversing the trial court, the Supreme Court held that the problem was *not* with the evidentiary finding of the court, but with the zoning ordinance itself, which was fatally flawed. 218 Va. at 832.

Here, there is no challenge to the zoning ordinance itself, but instead to the decision of the Board in failing to take the Comprehensive Plan into account in its decision. However, while Comprehensive Plans should be considered, they are not binding on the Board.

The statutes do not make the comprehensive plan a zoning ordinance but only a comprehensive guideline for zoning ordinances.

*Fairfax County v. Snell Corp.*, 214 Va. 655, 660, 202 S.E.2d 889 (1974).

Comprehensive plans come "within the Board's discretion to decide whether to adhere to those standards or to follow some other reasonable approach in determining whether to grant or deny the rezoning application." *Board of Supervisors v. Lerner*, 221 Va. 30, 37, 267 S.E.2d 100 (1980); see also *Concerned Taxpayers of Brunswick County v. County of Brunswick*, 249 Va. 320, 455 S.E.2d 712 (1995).

The Complaint alleges the Board was "required" to comply with the Comprehensive Plan. Such is not the case. Therefore, Count II of the Complaint will be dismissed with prejudice.

### IV. *Is the Action of the Board Fairly Debatable?*

In Count I of the pleading, Plaintiff alleges that the action of the Board was not reasonably related to the general welfare, public necessity, convenience, or good zoning practices and, as a result, is a nullity. However, other than a bare reference to the Board's action as being contrary to the comprehensive plan, the pleading does not specify reasons why this is alleged to be the case.

> When the Court reviews the legitimacy of a zoning amendment, it presumes the action is valid as long as it is not unreasonable and arbitrary. The opponent of an action bears the burden of proving the action is "clearly unreasonable, arbitrary, or capricious and that it bears no reasonable or substantial relation to the public health, safety, morals, or general welfare." The Court will uphold the ordinance if its reasonableness is "fairly debatable."

*Board of Supervisors v. Greengael, L.L.C.*, 271 Va. 266, 284, 626 S.E.2d 357 (2006) (cites omitted).

Simple allegations without a factual basis are insufficient to place this matter before the Court for review. The demurrer will be sustained, however, the Plaintiff may replead if he is so advised within twenty-one days from the date of this opinion letter.

## V. *Does the Plaintiff Have Standing?*

This question was raised both in the demurrers and in the pleas in bar. The Court will seek to perform the mental gymnastics of differentiating the analysis between the two procedural mechanisms as best it can, even though the ultimate outcome in this case will be the same. In the pleading, the Plaintiff claims his "property is in very close proximity to the property." Paragraph 2, Complaint. At the evidentiary portion of the hearing, evidence was received that not only was the property approximately 2000 feet from the subject tract, but that traffic from the back side of the Costco subdivision would use Route 600 upon which the Plaintiff's property fronts. In viewing the Exhibits, it is clear that by far the largest stretch of road frontage to this tract runs along Route 600. Additionally, Route 600 would require road improvements due to this construction at the intersection of Route 600 and Riley Road which lies just to the east of Plaintiff's property and connects to Route 29/15. Although Plaintiff stated that a ridge would block his view of the Costco, he testified to concerns over road noise and light pollution.

Section 15.2-2285(F) authorizes the filing of an action contesting the actions of the Board of Supervisors. Interestingly, it says nothing of standing. The issue has been assumed to be a requirement of the statute (and the Court would agree rightfully so) by the parties.

The Defendants have cited cases suggesting that a party must be "aggrieved" to have standing. The Court questions whether this is correct as § 15.2-2285 does not use the word "aggrieved" to describe the condition of one who contests an action of the Board of Supervisors. A Plaintiff must be "aggrieved" as that term is used in Board of Zoning Appeal cases, as set forth in Va. Code § 15.2-2314 (1950).

The Defendants commented to the Court on *Udell v. Board of Supervisors*, CH97-158 (Fauquier County, 1995), in which the trial court sustained a demurrer to a complaint filed by a neighboring homeowner alleging standing to challenge a special exception permit granted to Wal-Mart. The homeowner claimed his home was in plain sight of the subject property, but did "not allege factual particulars sufficient [in the court's view] to sustain those conclusions." Thus, the case turned on its facts particular to that situation. The trial court's decision was upheld on appeal. (No published decision was issued.)

However, this Court, in light of the evidence received in support of the Plaintiff's allegations, relies instead on *Riverview Farm Assoc. v. Board of Supervisors*, 259 Va. 419, 528 S.E.2d 99 (2000). In that case "all of the Plaintiffs owned property located within about 2,000 feet of either [the subject

tract] or the access road serving [the subject tract]." *259* Va. at 422. Thus, some people were as far away as 2,000 feet, not just from the tract, but from the *access road*. In *Riverview*, the developer intended to use his property for docking, loading and unloading barges. The Plaintiff sought to present evidence regarding the impact on his property of the heavy truck traffic this port would presumably generate. The Plaintiffs were found by the Court "to live within a sufficiently close proximity . . . to possess a 'justiciable interest'." 259 Va. at 427.

As pointed out in *Cupp v. Board of Supervisors*, 227 Va. 580, 318 S.E.2d 407 (1984), "the point of standing is to ensure that the person who asserts a position has a substantial legal right to do so and that his right will be affected by the disposition of the case." 227 Va. at 589.

In response, Cross Creek, in its brief, states "[e]ven assuming increased truck traffic on Rt. 600 in front of his property from the development of Cross Creek, and assuming that there was a difference between that increase and the increase that would occur from by-right development of that site, or from growth on Rt. 600, that happens no matter if the property is developed, such an increase is the price we all pay for living on public roads." (Brief of Cross-Creek, p. 6.)

While this may be an available argument as to the ultimate disposition of Plaintiff's claim, it does not defeat standing. Increased traffic and the inconvenience it brings *can* lead to standing on this question (see *Riverside*), and the Court so finds. The Demurrer and Plea in Bar are hereby overruled.