# CIRCUIT COURT OF THE CITY OF PETERSBURG

Jackie Green

v.

Nicole Bell-Van Patten
and Joseph C. Melvin

Case No. CL15-445

BY JUDGE JOSEPH M. TEEFEY, JR.

January 12, 2016

This day came the defendants, by counsel, and they have demurred to the Plaintiff's Complaint on multiple grounds. The Court received and reviewed the defendants' briefs supporting the demurrer, the plaintiff's response and brief opposing, argument of counsel presented at the noticed hearing, all applicable case law, and statutes cited by the parties supporting their respective positions.

### Standard of Review

This Court must consider the defendants' demurrer on settled principles that the pleading admits the truth of all material facts pleaded, facts implicitly alleged and those facts reasonably inferred from the facts actually alleged in the plaintiff's complaint. *Cox Cable Hampton Roads, Inc. v. City of Norfolk,* 242 Va. 394, 397 (1991). However, the defendants' demurrer does not admit the plaintiff's conclusions of law. *Ward's Equipment, Inc. v. New Holland North Am., Inc.,* 254 Va. 379, 382 (1997). Thus, a demurrer "tests the legal sufficiency of facts alleged in pleadings, not the strength of proof." *Glazebrook v. Board of Supervisors,* 266 Va. 550, 554 (2003).

*Facts as Alleged in the Complaint*

The Court makes no finding of fact beyond application of the facts alleged in the Complaint to decide the demurrer, which is the standard of review imposed on this Court. The plaintiff was employed as a substitute nurse at Robert E. Lee Elementary School in Petersburg, Virginia. Two students reported to the nurse's office complaining that they were ill and requested medical evaluation. The plaintiff examined the two students and determined that their condition required that they be excused from school attendance for that day and released from the school. The plaintiff directed the one student to report to the school administrative office for this purpose, and she directed the second student to return to her classroom pending contact with the student's custodian.

The two students were cousins. Though not clearly established in detail in the Complaint, the school administration released both students to the mother of one student who was also the aunt of the second student. The mother of the second student discovered this mistake, and she contacted WRIC, which is a local television news station. The reporter for WRIC contacted the Petersburg Public Schools for a comment for the investigatory news report.

Defendant Nicole Bell-Van Patten, public information officer for Petersburg Public Schools, with the approval of defendant Joseph C. Melvin, school superintendent, issued a written statement to WRIC. Defendants' statements read, "[s]afety is a top priority for Petersburg City Public Schools. Today, one of our substitute nurses did not follow protocol. The incident is being addressed vigorously to ensure that such an error does not occur again." Defendant Bell-Van Patten followed the written statement with an email to WRIC that read, "[a] known relative of a student arrived at Robert E. Lee Elementary School today to pick up her child and her niece (the two children are cousins). Both students were sick at the nurse's office. The adult did provide identification when picking up the pair. The nurse, who is a substitute, released the children without checking the adult's ID against the ID card of the two students."

*Analysis*

The defendant demurs on the argument that the plaintiff fails to state a claim because the alleged defamatory statements are not defamatory as a matter of law. The issue before this Court is whether the alleged defamatory language is defamation *per se*. The court in *Fleming v. Moore*, 221 Va. 884 (1981), established the four principles for identifying language that constitutes defamation *per se*. The *Fleming* actionable principles of defamatory language are:

(1) Those which impute to a person the commission of some criminal offense involving moral turpitude, for which the party, if the charge is true, may be indicted and punished. (2) Those which impute that a person is infected with some contagious disease, where, if the charge is true, it would exclude the party from society. (3) Those which impute to a person unfitness to perform the duties of an office or employment of profit or want of integrity in the discharge of the duties of such an office or employment. (4) Those which prejudice such person in his or her profession or trade.

The plaintiff argues that principle number one applies in the present case. A crime of moral turpitude includes crimes involving the defendant lying, cheating, and stealing. *Tasker v. Commonwealth*, 202 Va. 1019 (1961). The Court has reviewed the alleged defamatory language and the Virginia Code to identify any applicable crime of moral turpitude and to determine whether the allegation would satisfy all necessary elements of a crime of moral turpitude. The Court could identify no crime of moral turpitude that the alleged defamatory language could trigger an indictment and punishment.

The plaintiff argues that the alleged defamatory language can apply to any crime and proposes that the language in question implicates the crimes of contributing to the delinquency of a minor, Va. Code § 18.2-371, and child endangerment, Va. Code § 40.1-103(A). Assuming that defamation is not limited to crimes of moral turpitude, the alleged language in the present case falls far short of satisfying the statutory elements of either statute cited by the plaintiff. Furthermore, the defendants' statement limits their assessment of plaintiff's "failure to follow protocol" by using the word "error" to define plaintiff's conduct. Use of the word "error" is a mild rebuke of an employee that is far removed from an implication of criminal culpability.

Thus, the relevant principles applicable to the present case are three and four. (Plaintiff makes no argument for the application of principle two.) The Court must examine the alleged defamatory statement in a manner that resolves every fair inference drawn from the pleadings in favor of the plaintiff. *Carwile v. Richmond Newspapers, Inc.*, 196 Va. 1 (1954). The defendant's first written statement to the press was two sentences that, when read together, create a fair inference that the *substitute nurse's failure to follow safety protocol for student release* was an *error.* The strength of proof must be left by the Court to the finder of fact to determine after a full presentation of all evidence by the parties at trial. Nevertheless, this Court must examine this alleged defamatory language and plaintiff's complaint to determine whether defamation is established as a matter of law.

After a complete review of plaintiff's complaint, the defendant's language only establishes that the substitute nurse acted once in failing to

follow protocol. Therefore, the Court must consider whether an allegation of a single mistake gives rise to a claim of defamation *per se,* and, further, whether the rule regarding a single mistake applies to both principles three and four to establish defamation *per se.*

Restatement (Second) of Torts § 573 (1977), cited in *Fleming,* provides in relevant portion that an allegation of a single mistake in the conduct of a profession is actionable only if it fairly implies an habitual course of conduct or the want of qualities or skill that the public is reasonably entitled to expect of persons engaged in such profession. The alleged defamatory comment in the present case clearly fails to imply habitual conduct. In fact, the converse is stated when the defendant uses the singular, "this incident," in describing plaintiff's error. Therefore, the alleged defamatory statement refers to a single incident or mistake rather than habitual conduct necessary for this language to be actionable.

The remaining issue is whether the alleged defamatory language implies the want of qualities or skill that the public is reasonably entitled to expect of persons employed as a school nurse. The plaintiff complains that the statement fairly implies that plaintiff utterly lacks the qualities necessary to take care of the welfare and safety of the public's schoolchildren. No fair reading of the statement could result in this strong implication. The statement alleges only a single error or mistake resulting from failure to follow protocol. The statement includes no words that expressly or implicitly reference qualities or skills. A court can examine surrounding circumstances when the statement was made to discover whether it would reasonably cause the statement to convey a defamatory meaning to recipients. *Pendleton v. Newsome,* 290 Va. 162, 772 S.E.2d 759 (2015). The defendants released an email immediately after the first statement that further explains the plaintiff's failure to follow protocol by detailing that the plaintiff allegedly failed to check the adult's ID card against the ID cards of the students released. This second description also states that the adult was a known relative of the student who was the adult's niece. No fair or reasonable implication can be read from the first statement or these combined statements that the plaintiff wants for qualities or skills that the public is reasonably entitled to expect of persons employed as a school nurse.

Plaintiff also argues that the alleged conduct could subject her to discipline by the Board of Nursing; however, plaintiff fails to cite to any regulation or decision of that Board that covers the alleged administrative mistake by this nurse while working at the public school.

## Conclusion

For the reasons detailed herein, the Court sustains the defendants' demurrer in finding that the plaintiff fails to allege sufficient facts to establish as a matter of law that the defamatory statement is actionable

*per se.* The Court will grant the plaintiff's request for leave to amend her complaint until January 29, 2016, should she be so advised, to plead an alternative claim for defamation *per quod.*

### April 4, 2016

This day came the defendant, by counsel, and she has demurred to the Plaintiff's Amended Complaint. The Court received and reviewed the defendant's brief supporting the demurrer, the plaintiff's response and brief opposing, defendant's reply, argument of counsel presented at the noticed hearing, all applicable case law, and statutes cited by the parties supporting their respective positions.

### Standard of Review

This Court must consider the defendant's demurrer on settled principles that the pleading admits the truth of all material facts pleaded, facts implicitly alleged and those facts reasonably inferred from the facts actually alleged in the plaintiff's complaint. *Cox Cable Hampton Roads, Inc. v. City of Norfolk,* 242 Va. 394, 397 (1991). However, the defendant's demurrer does not admit the plaintiff's conclusions of law. *Ward's Equipment, Inc. v. New Holland North Am., Inc.,* 254 Va. 379, 382 (1997). Thus, a demurrer "tests the legal sufficiency of facts alleged in pleadings, not the strength of proof." *Glazebrook v. Board of Supervisors,* 266 Va. 550, 554 (2003).

### Facts as Alleged in the Complaint

The Court makes no finding of fact beyond application of the facts alleged in the amended complaint to decide the demurrer which is the standard of review imposed on this Court. The plaintiff was employed as a substitute nurse at Robert E. Lee Elementary School in Petersburg, Virginia. Two students reported to the nurse's office complaining that they were ill and requested medical evaluation. The plaintiff examined the two students and determined that their condition required that they be excused from school attendance for that day and released from the school. The plaintiff directed the one student to report to the school administrative office for this purpose, and she directed the second student to return to her classroom pending contact with the student's custodian.

The two students were cousins. Though not clearly established in detail in the amended complaint, the school administration released both students to the mother of one student who was also the aunt of the second student. The mother of the second student discovered this mistake, and she contacted WRIC which is a local television news station. The reporter for WRIC contacted the Petersburg Public Schools for a comment for the investigatory news report.

Defendant Nicole Bell-Van Patten, public information officer for Petersburg Public Schools, with the approval of former defendant Joseph C. Melvin, school superintendent, issued a written statement to WRIC. The defendant's statements read, "[s]afety is a top priority for Petersburg City Public Schools. Today, one of our substitute nurses did not follow protocol. The incident is being addressed vigorously to ensure that such an error does not occur again." Defendant Bell-Van Patten followed the written statement with an email to WRIC that read, "[a] known relative of a student arrived at Robert E. Lee Elementary School, today to pick up her child and her niece (the two children are cousins). Both students were sick at the nurse's office. The adult did provide identification when picking up the pair. The nurse, who is a substitute, released the children without checking the adult's ID against the ID card of the two students."

## Analysis

The defendant's demurrer rests on the argument that the plaintiff fails to state a claim as a matter of law because the alleged defamatory statements are not defamatory *per quod* because the statements do not contain the requisite defamatory sting. (The Court does not address defendant's demurrer related to defendant, Joseph C. Melvin, Ed. D., since the plaintiff agreed to nonsuit this defendant.)

A defamatory statement must tend to harm the plaintiff's reputation by lowering the plaintiff in the community's estimation or deter third persons from associating or dealing with the plaintiff. *Chapin v. Knight-Ridder, Inc.*, 993 F.2d 1087 (4th Cir. 1993). The defamatory sting to the plaintiff's reputation results from defamatory language that throws contumely, shame, or disgrace upon the plaintiff or tends to hold plaintiff up to scorn, ridicule, or contempt, or language calculated to render plaintiff infamous, odious, or ridiculous. *Schecher v. Bouffault*, 290 Va. 83 (2015); *Moss v. Harwood*, 102 Va. 386 (1904).

This Court examined the defendant's two statements in a previous Order entered January 12, 2016, regarding the defendant's demurrer to plaintiff's complaint contesting defamation *per se*. The Court must now examine the plaintiff's first amended complaint to determine whether the same alleged defamatory language is sufficient as a matter of law to state a claim of defamation *per quad*. In so doing, this Court adopts the reasonable and fair inferences drawn from the alleged defamatory statements. *Yuzefovsky v. St. John's Wood Apts.*, 261 Va. 97 (2001). The Court further examines these statements in context. *Schecher*, 290 Va. 83.

The Court's full review of defendant's two statements placed in the context of this single school incident can be described simply that the defendant alleged that the plaintiff made an "error." Examined in the light most favorable to the plaintiff, as required in *Martin v. Ziherl*, 269 Va. 35 (2005), the defendant's statement included that the public school

system has a safety protocol that defendant failed to follow. The defendant characterized this failure to follow protocol as "error." The alleged "error" committed by plaintiff was given context and detail by the defendant's describing that plaintiff released the child to a known relative, aunt, of the child whose produced ID was not checked against the ID cards of her own child or of her niece.

No fair or reasonable reading of these words placed in context and viewed in the light most favorable to the plaintiff could result in the conclusion that the words tend to harm the plaintiff's reputation by lowering the plaintiff in the community's estimation or deter third persons from associating or dealing with plaintiff. To reach the conclusion suggested by the plaintiff, this Court must assume a community demanding perfection in all duties and intolerant of employee protocol "error." Furthermore, the Court would have to assume third persons would cease associating or dealing with an employee accused of a single protocol "error." These are not fair or reasonable readings of defendant's statements placed in the context of this incident.

An accusation that an employee committed protocol "error," does not throw contumely, shame, or disgrace upon the plaintiff or tend to hold the plaintiff up to scorn, ridicule, or contempt. This is not language calculated to render plaintiff infamous, odious, or ridiculous. No reasonable or fair minded person could reach these conclusions from the defendant's two statements. Therefore, the plaintiff has failed, as a matter of law, to allege sufficient facts in her first amended complaint sufficient to establish the necessary defamatory sting for her claim of defamation *per quod.*

## Conclusion

For the reasons detailed herein, the Court sustains the defendants' demurrer in finding that the plaintiff fails to allege sufficient facts to establish as a matter of law that the defamatory statement is actionable *per quod.* This Court has previously granted leave for the plaintiff to amend her complaint. The plaintiff failed to do so in a manner that could survive a second demurrer. For this reason, the Court dismisses the plaintiff's complaint with prejudice.