## Richmond

JAMES HOWERY MOORE v. JEFFERSON HOSPITAL, INC.,
AND PHYLLIS K. HATTER.

December 4, 1967.

Record No. 6489.

Present, Eggleston, C.J., and Buchanan, Snead, I'Anson and Gordon, JJ.

*Evans B. Jessee* (*Arthur E. Smith*, on brief), for plaintiff in error.

*Kenneth E. Trabue* (*Talfourd H. Kemper*; *Woods, Rogers, Muse, Walker & Thornton*; *Hunter, Fox & Fox*, on brief), for defendants in error.

BUCHANAN, J., delivered the opinion of the court.

The issue in this case is whether the plaintiff's motion for judgment stated a cause of action.

James Howery Moore, the plaintiff, filed a motion for judgment against Jefferson Hospital, Inc., and Phyllis K. Hatter, its employee, seeking to recover compensatory and punitive damages for "injuries and illnesses" alleged to have been suffered by him when he was a patient in the hospital. The motion for judgment alleged as follows:

That on March 21, 1963, plaintiff was a patient in the hospital, under the care of Dr. John D. Varner, for the purpose of having surgery performed on his back, and on that day he underwent the

necessary preparatory procedures and received medication to enable him to undergo the surgery; that he was taken to the operating room, placed on the operating table and strapped down for a considerable length of time;

That when Dr. Varner arrived to perform the operation defendant Hatter, then a hospital employee and apparently in charge of the operating room, "maliciously, willfully and in a fit of unprovoked anger refused to permit Dr. Varner to proceed with the surgery, and did by her actions wrongfully exclude Dr. Varner and the plaintiff from the use of the said operating room;"

That "the shock, humiliation and concern" which resulted to the plaintiff from the "wrongful and willful conduct" on the part of defendant Hatter caused him to become ill and to suffer pains and discomforts, "both mental and physical, together with an aggravation and worsening of the condition for which he was hospitalized and surgery had been scheduled;" and that this conduct constituted an assault on plaintiff which proximately caused his succeeding injuries and illnesses; that as a direct and proximate result of these occurrences, plaintiff was forced to expend considerable sums of money in the treatment of his illnesses, lost earnings from his occupation, and suffered in mind and body, for which he seeks judgment against defendants for $25,000 compensatory damages and $5,000 punitive damages.

Both defendants filed demurrers on the ground that the "motion for judgment fails to state a cause of action". The hospital also filed a special plea alleging that it was a charitable hospital and had violated no duty owed to plaintiff, to which plaintiff filed a reply denying that allegation. We are not presently concerned with that issue.

At a pretrial conference on October 7, 1965, plaintiff was instructed to file a bill of particulars, which was done on October 25. By order of October 27, the court sustained the motions of the defendants to strike the bill of particulars on the grounds that it attempted to join claims in contract and tort and failed to inform defendants fairly of the true nature of plaintiff's claim, and plaintiff was permitted to file an amended bill of particulars. Accordingly plaintiff filed an amended bill in which he stated his claim to be that the behavior of the defendant Hatter, for which the hospital was liable, constituted "willful, wanton, malicious, vindictive and grossly negligent behavior toward the plaintiff, which proximately caused injury to the plaintiff, both mental and physical, * *."

Both defendants filed motions to strike the amended bill of particu-

lars and the motion for judgment "pursuant to Rule 3:18 (d)" of Rules of Court.

In accordance with views stated in a written opinion, the court entered the order now appealed from sustaining defendant's demurrers and motions to strike and dismissing the plaintiff's action "with prejudice".

Plaintiff assigned error only to "The judgment of the court in sustaining the demurrer filed on behalf of the defendants."

Defendants argue that the failure to assign error to the sustaining of defendants' motions to strike the motion for judgment renders this appeal moot. The defendants' demurrers, however, were on the ground that the motion for judgment "fails to state a cause of action," and this was the then controlling issue. If the motion for judgment stated a cause of action, the demurrers should have been overruled. The sustaining of the demurrers presented the crucial issue for present consideration.

Rule 3:18 (d) provides in part:

"Every pleading shall state the facts on which the party relies in numbered paragraphs, and it shall be sufficient if it clearly informs the opposite party of the true nature of the claim or defense. * *"

It also provides for a bill of particulars when the pleading does not comply with the rule, and for an amended bill; and if the latter fails to inform fairly as to the true nature of the claim, the faulty pleading and the bills of particulars may be stricken.

A motion for judgment "must set forth the essential facts (not conclusions of law) which constitute the foundation in law, of the judgment to be asked, and * * this must be done with sufficient definiteness to enable the court to find the existence of a legal basis for its judgment. In other words, despite the liberality of presentation which the court will indulge, the motion must state a cause of action." Burks Pleading and Practice, 4 ed., § 182, p. 295. 13 Mich. Jur., Motions for Judgment, §§ 11, 12, pp. 340-42.

For the purpose of testing the sufficiency of the motion for judgment against defendants' demurrers, the facts alleged are admitted as true. *Manassas Park Development Co.* v. *Offutt,* 203 Va. 382, 384, 124 S.E. 2d 29, 30. Burks Pleading and Practice, 4 ed., § 212, p. 346.

The essential facts alleged in plaintiff's motion for judgment were that he was a patient in the hospital in order to have surgery; that he had been prepared for surgery, including administration of medications, and had been taken to the operating room and strapped on the operating table for a considerable length of time. When the physician who was to perform the operation, Dr. Varner, arrived, defendant Phyllis Hatter, in charge of the operating room "maliciously, willfully and in a fit of unprovoked anger" refused to permit Dr. Varner to proceed and excluded the physician and plaintiff from the operating room. From this occurrence plaintiff suffered various physical and mental pains and discomforts and a worsening of the condition for which surgery had been scheduled, causing him to expend sums for his cure, to lose time from work and to suffer in mind and body.

The motion for judgment alleges that Phyllis Hatter's conduct was willful and malicious and the amended bill of particulars characterized it as "willful, wanton, malicious, vindictive and grossly negligent behavior toward the plaintiff, which proximately caused injury to the plaintiff, both mental and physical".

We hold that the motion for judgment sufficiently alleged a willful (intentional) tort on the part of defendant Phyllis Hatter, without actual physical contact with plaintiff, causing him physical and mental injuries and illnesses.

In *Bowles* v. *May*, 159 Va. 419, 437, 166 S.E. 550, 556 (1932), it was said:

"It is now a well accepted fact that terror or a severe mental shock may be the direct and proximate cause of wreck to the nervous system, the consequence of which may be a visible physical injury. When such fright is due to a wilful, wanton and vindictive wrong, recovery is generally permitted, notwithstanding the fact that there is no contemporaneous injury from without."

In an Annotation on the subject "Torts—Emotional Disturbances" in 64 A.L.R.2d, beginning at p. 100, cases from many jurisdictions are cited at pp. 120-21 in support of this statement:

"Most of the courts which have been presented with the question in recent years have recognized an independent right to recover for grave mental distress intentionally or recklessly caused."

So it was said in Restatement (Second), Torts, § 312 (1965):

"If the actor intentionally and unreasonably subjects another to emotional distress which he should recognize as likely to result in illness or other bodily harm, he is subject to liability to the other for an illness or other bodily harm of which the distress is a legal cause,

(a) although the actor has no intention of inflicting such harm, and

(b) irrespective of whether the act is directed against the other or a third person."

Plaintiff's motion for judgment sufficiently stated a cause of action against the defendants. The question of whether, if the plaintiff proves his case stated against defendant Hatter, there is liability on the defendant hospital, will be determined from the evidence.

The judgment appealed from is reversed and the case is remanded to allow the parties to present their evidence on the issues made.

*Reversed and remanded.*