## CIRCUIT COURT OF THE CITY OF RICHMOND

Loreen Platt
and Larry Platt

v.

Jenkins Auto Repair, Inc.

November 22, 1977

Case No. A-217

By JUDGE MARVIN F. COLE

The plaintiff alleges in her Amended Motion for Judgment that the defendant carelessly, recklessly, and negligently parked its vehicle in the traveled northbound portion of U. S. Route 1 without taking any precautions to direct traffic or to warn traffic of the severe peril caused by its action under the circumstances existing at the time.

The plaintiff's husband was struck by a state trooper, who had lost control of his vehicle as a direct result of trying to avoid a collision with the defendant's parked vehicle.

The plaintiff was not at the scene of the accident and did not witness the collision and resulting severe injuries sustained in the accident by her husband. However, the plaintiff alleges that it was foreseeable that such an injury to her husband would cause serious disruptions of the family life of the members of the family, and that it would cause extreme grief and mental anguish to members of the family who were not injured directly.

The plaintiff seeks compensatory damages for grief and mental anguish, loss of sleep worrying about her husband, staying by his hospital bed while he was being operated upon, worrying about family finances, and she

has had to take over family responsibilities which she never had before, and also seeks punitive damages.

In *Moore v. Jefferson Hospital & Hatter*, 208 Va. 438 (1967), essential facts alleged were the plaintiff was a patient in the hospital in order to have surgery performed upon him; that he had been prepared for surgery and had been taken to the operating room and strapped on the table. When the surgeon who was to perform the operation arrived, the defendant, Phyllis Hatter, in charge of the operating room, maliciously, willfully, and in a fit of anger refused to permit the doctor to proceed. Plaintiff suffered various physical and mental pains and discomforts and a worsening of the condition for which surgery was scheduled, causing him to expend money, lose time from work, and to suffer in mind and body.

The court held that the motion for judgment alleged an intentional tort on the part of the defendant, Phyllis Hatter, *without actual physical contact* with the plaintiff, causing him physical and mental injuries and illness.

In *Hughes v. Moore*, 214 Va. 27 (1973), the plaintiff was standing inside her home looking through a picture window when she heard and saw the defendant's car crash into the front porch of her home. The court in this case gave a full review of Virginia law and substantially moved forward from its previous holding in *Bowles v. May*, 159 Va. 419 (1932), when it stated the following:

> Based on a close scrutiny of *Bowles*, and believing the reasons for the existence of the impact rule are not logical, we today clarify our rule. We adhere to the view that where conduct is merely negligent, not willful, wanton, or vindictive, and physical impact is lacking, there can be no recovery for emotional disturbance alone. We hold, however, that when the claim is for emotional disturbance and physical injury resulting therefrom, there may be recovery for negligent conduct, notwithstanding the lack of physical impact, provided the injured party properly pleads and proves by clear and convincing evidence that his physical injury was the natural result of fright or shock proximately caused by the defendant's negligence. In other words,

there may be recovery in such a case, if, but only if, there is shown a clear and unbroken chain of causal connection between the negligent act, the emotional disturbance and the physical injury.

And in *Womack v. Eldridge*, 215 Va. 338 (1974), the Supreme Court held that a cause of action will lie for emotional distress, unaccompanied by physical injury, provided conduct is intentional or reckless, outrageous, and intolerable, causal connection is established, and emotional distress is severe.

The problem presented by this case is double-faceted. The first is the recoverability for injuries sustained solely as a result of an initial mental or psychological impact, but with ensuing mental illness and physical injury. The second is the scope of duty to one who is not directly the victim of an accident causing severe physical injury to a third person. There is no longer any question about the first, but the second presents a novel and difficult problem, and that is whether the concept of duty in tort should be extended to third persons, who do not sustain any physical impact in the accident or fear for their own safety.

I have been cited the case of *Tobin v. Grossman*, 24 N.Y.2d 609, and the case of *Dillon v Legg*, 68 Cal. 2d 728, 441 P.2d 912, and both of these cases discuss the problem in detail, but the cases reach different conclusions.

There is no Virginia case dealing with the problem of the scope of duty to one who is not directly the victim of an accident, but rather a third party. I do not believe that the Supreme Court would extend the doctrine of *Hughes v. Moore, supra*, to third parties at this time.

Accordingly, I am of the opinion that the plaintiff has not alleged a proper cause of action, and that the demurrer of the defendant should be sustained.