PRESENT:  ALL THE JUSTICES

MARK FIVE CONSTRUCTION, INC.,
TO THE USE OF AMERICAN ECONOMY
INSURANCE CO.                                          OPINION BY
                                              JUSTICE G. STEVEN AGEE
v.    Record No. 061304                          June 8, 2007

CASTLE CONTRACTORS, ET AL.

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Michael P. McWeeney, Judge

Mark Five Construction, Inc., t/u/o American Economy Insurance Company, ("Mark Five") appeals the judgment of the Circuit Court of Fairfax County which sustained a demurrer filed by defendants Castle Contractors and James W. Finley, Jr.  Mark Five contends the circuit court erred because the amended motion for judgment filed by Mark Five asserted a "good cause of action" for indemnity under Code § 65.2-304 sufficient to survive a demurrer.  For the reasons set forth below, we will affirm the judgment of the circuit court.

I. BACKGROUND AND MATERIAL PROCEEDINGS BELOW

Under well-established principles of appellate review, we consider the facts as set forth in the amended motion for judgment, "along with those reasonably and fairly implied from them, in the light most favorable to the plaintiff."  Doe v. Zwelling, 270 Va. 594, 597, 620 S.E.2d 750, 751 (2005).  In addition, because Mark Five's amended motion for judgment "does not incorporate or refer to any of the allegations that were set

forth in [the] prior motion for judgment, we will consider only the allegations contained in the amended pleading to which the demurrer was sustained." Yuzefovsky v. St. John's Wood Apartments, 261 Va. 97, 102, 540 S.E.2d 134, 136 (2001).

Mark Five, a construction firm incorporated in Maryland and licensed to do business in Virginia, contracted to restore a house in Virginia that had been damaged by fire. Some of the work was subcontracted to Castle Contractors, whose principal place of business is in Maryland.[1] Daniel Gonzalez, an employee of Castle Contractors, sustained injuries after falling from the roof during the course of the restoration work. Gonzalez filed workers' compensation claims against Mark Five and Castle Contractors.

A deputy commissioner of the Virginia Workers' Compensation Commission denied Gonzalez' claim, ruling that although Mark Five was Gonzalez' statutory employer at the time of the injury, neither Mark Five nor Castle Contractors was subject to the Virginia Workers' Compensation Act ("the Act"), Code §§ 65.2-100 through –1310, because each lacked a sufficient number of employees "regularly in service" in Virginia to come within the

---

[1] James W. Finley is the sole owner of Castle Contractors. The co-defendants will be referred to collectively as "Castle Contractors."

jurisdictional requirements of the Act.[2]  Gonzalez asked the full

Commission to review the deputy commissioner's ruling only as to

Mark Five.  The Commission reversed the deputy commissioner's

ruling, and found that Mark Five had the requisite "number of

employees regularly in service in . . . Virginia" to be subject

to the jurisdiction of the Act.  Consequently, it awarded

Gonzalez workers' compensation benefits.[3]  The Commission's

decision was subsequently affirmed by the Court of Appeals.[4]

Mark Five Constr. Co. v. Gonzalez, 42 Va. App. 59, 590 S.E.2d 81

(2003).

Mark Five filed an amended motion for judgment in the

circuit court[5] claiming that, pursuant to Code § 65.2-304,[6] it

was "entitled to indemnification from [Castle Contractors] for

---

[2] Under Code § 65.2-101, employers are only subject to the Act if they employ three or more employees regularly in service within the Commonwealth.

[3] Pursuant to a general liability insurance policy held by Mark Five, American Economy Insurance Company has been paying these benefits to Gonzalez.

[4] Mark Five's liability under the Act, and its obligation to fulfill the award to Gonzalez, are not at issue in the case at bar.

[5] As amended, Mark Five filed the case at bar as "Mark Five Construction, Inc., to the use of American Economy Insurance Company."

[6] Code § 65.2-304 states, in relevant part:

> When the principal contractor is liable to pay
> compensation under § 65.2-302 or § 65.2-303, he shall
> be entitled to indemnity from any person who would
> have been liable to pay compensation to the worker
> independently of such sections or from an intermediate
> contractor and shall have a cause of action therefor.

3

the benefits paid to Mr. Gonzales . . . in that [Castle Contractors] was an intermediate contractor of Plaintiff Mark Five and/or would have been liable to pay compensation to Mr. Gonzales independently of Va. Code Ann. § 65.2-302."

Castle Contractors filed a demurrer, contending "the [Amended] Motion for Judgment fails to allege[] sufficient facts, which if proven, would support a claim for indemnification pursuant" to Code § 65.2-304. In its memorandum in support of the demurrer, Castle Contractors argued Mark Five failed to allege "that [Castle Contractors is] subject to the jurisdiction of [the Act]," which is "a condition precedent to any claim for recovery under [Code § 65.2-304]."

After hearing the parties' arguments, the circuit court sustained the demurrer by an order entered on March 31, 2006.[7] We awarded Mark Five this appeal.

## II. ANALYSIS

Mark Five contends the circuit court "erred in sustaining Castle Contractors' demurrer" because the amended motion for judgment "established a 'good cause of action' if the facts as alleged were proven." It claims that "[b]ased on the words selected and omitted by the legislature, there is simply no basis for limiting Virginia Code § 65.2-304's application to

_____

[7] The circuit court gave Mark Five leave of 21 days to further amend the motion for judgment. Instead, on April 21, 2006, Mark Five filed a notice of appeal to this Court.

4

persons liable to pay compensation under [the Act]." Mark Five asserts that because Castle Contractors was held liable by the Maryland Workers' Compensation Commission for Gonzalez' compensation claim under Maryland law, the amended motion for judgment articulated a claim that Castle Contractors was "liable to pay compensation," as required under Code § 65.2-304.

Castle Contractors responds that the circuit court did not err because a "party seeking indemnity under [Code § 65.2-304] must first establish that the [employer] from which indemnity is sought, is subject to the jurisdiction of the [Act] before any right to indemnity arises under the statute." Castle Contractors notes that Mark Five has conceded that Castle Contractors was not subject to the Act. Accordingly, Castle Contractors claims that the amended motion for judgment did not, and could not, state a cause of action for indemnity under the Act.

We examine the circuit court's decision to sustain Castle Contractors' demurrer under a de novo standard of review because it is a pure question of law. Glazebrook v. Board of Supervisors, 266 Va. 550, 554, 587 S.E.2d 589, 591 (2003). "A demurrer tests the legal sufficiency of facts alleged in pleadings, not the strength of proof." Id. A demurrer will be sustained when the pleading it challenges lacks "sufficient definiteness to enable the court to find the existence of a

legal basis for its judgment." Hubbard v. Dresser, Inc., 271 Va. 117, 122, 624 S.E.2d 1, 4 (2006) (quoting Moore v. Jefferson Hospital, Inc., 208 Va. 438, 440, 158 S.E.2d 124, 126 (1967). Based on these well-settled principles governing our review, we find the circuit court did not err in sustaining Castle Contractors' demurrer.

Code § 65.2-304 allows a "principal contractor" who "is liable to pay compensation under § 65.2-302 or § 65.2-303" to seek "indemnity from any person who would have been liable to pay compensation to the worker independently of such sections." This provision, however, must be read in the context of the entire Act. When so read, it is clear Mark Five's construction of Code § 65.2-304 cannot prevail.

The General Assembly "created the Workers' Compensation scheme as a carefully balanced societal exchange between the interests of employers, employees, insurers, and the public." Morris v. Morris, 238 Va. 578, 584, 385 S.E.2d 858, 862 (1989). In so doing, the General Assembly determined that only certain employers and employees are to be covered by the Act and thus subject to jurisdiction for proceedings under the Act. Among the employers who are not liable to pay worker's compensation under the Act are those who have less than three employees "regularly in service" in the Commonwealth. Code § 65.2-101(2)(h) (Under the Act " '[e]mployee' shall not mean . . .

6

[e]mployees of any person, firm or private corporation, including any public service corporation, that has regularly in service less than three employees in the same business within this Commonwealth."); see also Uninsured Employer's Fund v. Gabriel, 272 Va. 659, 663, 636 S.E.2d 408, 411 (2006). Such an employer is thus not subject to jurisdiction for proceedings under the Act. Id.

In the case at bar, the parties agree that Castle Contractors falls within this exception and is therefore not subject to pay compensation under the Act and not subject to jurisdiction under the Act. If we were to adopt Mark Five's expansive reading of which persons "would have been liable to pay compensation" under Code § 65.2-304, this exception to the Act would be meaningless. Defendants such as Castle Contractors, who are otherwise excepted from the Act, would nonetheless be liable to pay compensation under the Act in Mark Five's reading of the indemnification provisions of Code § 65.2-304. However, nothing in that statute reflects a legislative intent to alter the clear provisions of Code § 65.2-101, which remove Castle Contractors from the Act's jurisdiction.

Furthermore, although "compensation" is not a defined term under Code § 65.2-101 of the Act, the Act establishes and governs Virginia's scheme of worker's compensation. Within that context, the term "compensation" in Code § 65.2-304 refers to

compensation payable under the Act's provisions.  Therefore, a person seeking indemnity under Code § 65.2-304 must show that the defendant was a person "liable to pay compensation" under the Act and subject to jurisdiction under the Act.  For the reasons set forth above, Mark Five cannot make that showing as to Castle Contractors as a matter of law.

### III.  CONCLUSION

A party can only seek indemnification under Code § 65.2-304 from persons who would have been liable to pay compensation under the Act and thus are subject to jurisdiction under the Act.  Mark Five did not allege in its amended motion for judgment that Castle Contractors was such a person. Accordingly, we find no error in the circuit court's judgment sustaining Castle Contractors' demurrer to the amended motion for judgment, and we will affirm the judgment of the circuit court.

<u>Affirmed</u>.

8