## CIRCUIT COURT OF THE CITY OF ROANOKE

Odyssey Imaging, L.L.C.

v.

Halifax Heart Center, P.C.

February 4, 2009

Case No. CL08-396

By Judge Jonathan M. Apgar

The Court has considered the pleadings, briefs, and oral arguments of counsel, and is now ruling on the Demurrer to the Complaint filed by the defendant on March 17, 2008. In doing so, the Court accepts as true all facts properly pleaded in the Complaint and all reasonable and fair inferences which may be drawn from those facts. *Glazebrook v. Board of Supervisors*, 266 Va. 550, 554, 587 S.E.2d 589, 591 (2003). The Court sustains the Demurrer in part and overrules it in part.

*Facts*

On or about August 25, 2003, the plaintiff and the defendant entered into the Nuclear Cardiac Agreement (the "Contract"), which is attached to the plaintiffs Complaint as Exhibit A. Compl. ¶¶ 4-5, Ex. A. The Contract provided in part that the plaintiff would provide the defendant's medical clinic with the equipment and staff necessary in order to perform nuclear imaging services at the defendant's clinic. *Id.* ¶¶ 6-8, 10, 12, Ex. A. The term of the Contract was for sixty months. *Id.* ¶ 11, Ex. A ¶ 3.

On December 21, 2006, the defendant, through its attorney, notified the plaintiff in writing that the Contract was terminated for two reasons; (1) the fulfillment of the conditions in a verbal amendment to the Contract made on November 10, 2003 (the "Amendment"), which would terminate the Contract in the event that one of the defendant's principal doctors left

the practice and was not replaced by a "new nuclear medicine qualified M.D." if the plaintiff was given sixty days written notice of termination; and (2) the plaintiff had breached a buy-out option provided in the Contract, which gave the defendant the right to terminate the Contract. *Id.* ¶ 13, Ex. B.

The plaintiff alleges that the Amendment to the Contract was never made or agreed to by the parties, *id.* ¶ 16(a), and seems to allege that the plaintiff did not breach the buy-out option in the Contract. *Id.* ¶ 16(b). The plaintiff further alleges that the defendant did not validly terminate the Contract, *id.* ¶ 16, and that the defendant is in breach for not continuing to perform its duties under the Contract for the full sixty-month term, *id.* ¶ 17(a), for not paying the required fees to the plaintiff, *id.* ¶ 17(b), and for installing nuclear equipment other than the plaintiff's and operating the equipment without the plaintiff's services. *Id.* ¶ 17(d). The plaintiff also alleges that, in addition to the Contract, the parties were in a joint venture and thus owed each other a fiduciary duty. *Id.* ¶¶ 4, 13.

The essence of the plaintiff's Complaint is that the defendant "learned through its participation in the Joint Venture and its utilization of the years of experience of [the plaintiff] that the provision of the services provided by the Joint Venture was a lucrative enterprise and it decided to breach its obligations to [the plaintiff] and to convert the business opportunities of the Joint Venture to itself." *Id.* ¶ 15. The plaintiff alleges that the defendant did this by making "frivolous" assertions of grounds for termination of the Contract and Joint Venture, *id.* ¶ 16, and thus "wrongfully terminated the business relationship in bad faith." *Id.* ¶ 13. The plaintiff therefore asserts three causes of action: (1) breach of an express contract; (2) breach of fiduciary duty owed in a joint venture; and (3) unjust enrichment of the defendant profiting from its breach of contractual and fiduciary duties owed to the plaintiff. The plaintiff seeks compensatory and punitive damages, *id.* ¶¶ 23-24, as well as a constructive trust on all profits received by the defendant from the time of the alleged breach of its obligations to the plaintiff. *Id.* ¶¶ 22, 25.

*Discussion*

I. *Count I: Breach of Contract and Breach of Fiduciary Duty in a Joint Venture*

A. *Breach of Contract*

The defendant's Demurrer as to the breach of contract claim in Count I is overruled.

In Count I of the Complaint, the plaintiff claims that the defendant has breached the Contract by "[r]efusing to perform its obligations to [the

plaintiff] for the 60 month duration of the Joint Venture as required by the [Contract]," *id.* ¶ 17(a), "[r]efusing to pay the fees to [the plaintiff] as required by paragraph 6 of the [Contract]," *id.* ¶ 17(b), and "[i]nstalling and operating nuclear equipment on the site in violation of paragraph 3 of the [Contract]." *Id.* ¶ 17(d).

The defendant argues that its "stated reasons for terminating the Contract were valid assertions of [its] rights under the express terms of the Contract, and, thus, do not constitute breach of contract." Def.'s Mem. in Supp. of Dem. 16; see *also id.* 17. But the plaintiff has pleaded that the defendant did not have valid grounds for terminating the Contract. Compl. ¶ 16. The plaintiff alleges that the Amendment to the Contract was never made or agreed to by the parties, *id.* ¶ 16(a), and that the plaintiff did not breach the buy-out option in the Contract, but provided the defendant with all requested information regarding the buy-out option. *Id.* ¶ 16(b).

This Court must accept as true the plaintiff's allegations that the Amendment to the Contract was never made and the inference that the plaintiff did not breach the buy-out option provision of the Contract. The plaintiff has not pleaded any facts to support the defendant's argument that it validly terminated the Contract. Whether the defendant did in fact validly terminate the Contract on either of the two grounds it asserts, or whether the defendant breached the Contract, is a question of fact for trial. Therefore, the defendant's Demurrer as to the breach of contract claim in Count I under paragraphs 17(a), (b), and (d) is overruled.

## B. *Breach of Fiduciary Duty Owed in a Joint Venture*

The defendant's Demurrer as to the breach of fiduciary duty claim in Count I is sustained without leave to amend, and the breach of fiduciary duty claim is dismissed with prejudice.

In addition to the breach of contract claim under Count I, the plaintiff claims that the defendant breached fiduciary duties owed to the plaintiff in a joint venture. *Id.* ¶¶ 13, 16, 17. The plaintiff alleges that the defendant "[b]reach[ed] its duty of good faith to [the plaintiff]," *id.* ¶ 17(c), and "[c]onvert[ed] the business opportunities of the Joint Venture to itself." *Id.* ¶ 17(e).

The Supreme Court of Virginia has stated that a joint venture exists "when two or more persons combine [in] a joint business enterprise for their mutual benefit, with an express or implied understanding or agreement that they are to share in the profits or losses of the enterprise, and that each is to have a voice in its control and management." *PGI, Inc. v. Rathe Productions, Inc.*, 265 Va. 334, 340, 576 S.E.2d 438, 441 (2003) (*quoting Smith v. Grenadier*, 203 Va. 740, 744, 127 S.E.2d 107, 110 (1962)). In a joint venture "the rules of law governing the rights, duties, and liabilities of joint venturers are substantially the same as those which govern partnerships,"

*id.* at 342, 576 S.E.2d at 442 (*quoting Roark v. Hicks*, 234 Va. 470, 475, 362 S.E.2d 711, 714 (1987)), even though there is no actual partnership or corporate designation. *Id.* at 340, 576 S.E.2d at 441. Joint ventures "are not established by operation of law, but are created by contracts, express or implied. Little formality is required. The conduct of the parties, as well as other facts and circumstances of a particular case, will often justify the inference that such a contract existed." *Smith v. Grenadier*, 203 Va. 740, 744, 127 S.E.2d 107, 110 (1962). Therefore, "[w]hether or not a given set of circumstances constitutes a joint adventure is generally a question for the jury under proper instructions." *Id.*

Although the issue of whether or not a joint venture was formed between parties is generally a question for a jury, "where it `appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief,' the court should dismiss a claim." *Flip Mortgage Corp. v. McElhone*, 841 F.2d 531, 539 (4th Cir. 1988) (*quoting Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)) (affirming the United States District Court for the Eastern District of Virginia's dismissal, on a 12(b)(6) motion, of a count alleging breach of fiduciary duty in a joint venture because the contract, which was "attached to and incorporated by reference in the complaint," "clearly revealed that no joint venture could be established"). In reviewing a demurrer, the Supreme Court of Virginia stated the pleading standard that:

> [a] motion for judgment must set forth *the essential facts (not conclusions of law)* which constitute the foundation in law, of the judgment to be asked, and . . . this must be done *with sufficient definiteness to enable the court to find the existence of a legal basis for its judgment.* In other words, despite the liberality of presentation which the court will indulge, the motion must state a cause of action.

*Moore v. Jefferson Hospital, Inc.*, 208 Va. 438, 440, 158 S.E.2d 124, 126 (1967) (internal quotation marks and citation omitted) (emphasis added); *see also Mark Five Constr., Inc. v. Castle Contr.*, 274 Va. 283, 287-88, 645 S.E.2d 475, 477 (2007).

The plaintiff here has not "set forth the essential facts" "with sufficient definiteness" to enable the Court to find that the parties shared in profits or losses and that each party had a voice in the control and management of a joint business enterprise in order to find the existence of a joint venture. Instead of pleading the essential facts to establish the possibility of a joint venture, the facts pleaded by the plaintiff preclude the existence of a joint venture. If no joint venture existed, then no fiduciary duty could be breached between the plaintiff and the defendant, and the plaintiff's claims would be limited to a breach of express contract.

The defendant bases most of its arguments against the existence of a joint venture upon the terms of the Contract. The plaintiff argues, however, that the Contract "does not define all of the duties and obligations of the parties to each other pursuant to the joint venture," Pl.'s Mem. in Opp'n to Dem. ¶ 2, and alleges that "the parties have negotiated adjustments to the sharing of profits from the enterprise." Compl. ¶ 5. Despite this, the plaintiff has not pleaded any facts regarding the parties' regular conduct in addition to, or contrary to, the terms of the Contract that would establish a joint venture. Since the Contract is made an exhibit to the Complaint, *id.*, the Contract is a part of the pleadings. Va. Sup. Ct. R. 1:4(i) (2008) ("The mention in a pleading of an accompanying exhibit shall, of itself and without more, make such exhibit a part of the pleading."). "[A] court considering a demurrer may ignore a party's factual allegations contradicted by the terms of authentic, unambiguous documents that properly are a part of the pleadings." *Ward's Equip., Inc. v. New Holland N. Am., Inc.*, 254 Va. 379, 382, 493 S.E.2d 516, 518 (1997). Therefore, except as specifically stated otherwise in the pleadings, the terms of the Contract must be viewed as the conduct that existed between the parties.

In the Complaint, the plaintiff terms its relationship with the defendant as "the Joint Venture," stating that "[o]n or about August 25, 2003, [the defendant] and [the plaintiff] entered into an agreement to jointly undertake the provision of specific health care services to the public for their mutual benefit (the 'Joint Venture')." Compl. ¶ 4. The plaintiff next states that "[i]n connection with the Joint Venture, [the plaintiff] and [the defendant] entered into [the Contract] on or about August 25, 2003," *id.* ¶ 5, which is the very same date that the plaintiff alleges the parties entered into a joint venture. *Id.* ¶ 4. The plaintiff uses the Contract and the term "Joint Venture" almost interchangeably, *see id.* ¶¶ 6, 7, 13, 17(a), 19, Ex. A, such as where the plaintiff states that "[p]ursuant to the Joint Venture" — as opposed to the Contract — "between the parties, [the plaintiff] was entitled to be the exclusive provider of Nuclear Medical Services to [the defendant] at its Clinic for the 60 month duration of the Joint Venture" *id.* ¶ 19, — again, as opposed to the Contract. By this, the plaintiff seems to imply that the Contract reflected the terms of the joint venture and the parties' intent to enter into a joint venture.

However, the terms of the Contract are contrary to the nature and characteristics of a joint venture. In paragraph 11, the Contract bluntly defines the plaintiff to be an independent contractor: "11. *Independent contractor.* [The plaintiff] shall be an independent contractor." The recitals of the Contract state that "[the plaintiff] . . . is willing to provide the necessary operating services pursuant to the terms of this [Contract] in order to provide quality imaging services *to the [defendant]." Id.*, Ex. A ¶ 1 (emphasis added). Similarly, under Count II of the Complaint, the plaintiff refers to itself as the "exclusive provider of Nuclear Medical Services

to *[the defendant]* at its Clinic." *Id.* ¶ 19 (emphasis added). The roles of an independent contractor or a provider of services to another party, as opposed to a provider of services directly to the ultimate consumer of that other party, are contrary to the roles of a party in a joint venture, because an independent contractor or such a provider of services does not share in profits or losses and does not have a voice in the control and management of a joint business enterprise, both of which are essential to establish a joint venture. Further, the terms of the Contract themselves show that the plaintiff did not share in the profits or losses with the defendant and that the plaintiff did not have a voice in the control and management of a joint business enterprise with the defendant, and the plaintiff has pleaded nothing to the contrary. Therefore, since the terms of the Contract preclude the existence of a joint venture, the defendant's Demurrer is sustained as to this claim, just as the 12(b)(6) motion was sustained as to the breach of fiduciary duty in a joint venture claim in *Flip Mortgage Corp.* because the contract there "clearly revealed that no joint venture could be established." *Flip Mortgage Corp. v. McElhone*, 841 F.2d 531, 539 (4th Cir. 1988).

## II. *Count II: Unjust Enrichment*

The defendant's Demurrer as to Count II of the Complaint for unjust enrichment is sustained without leave to amend, and Count II is dismissed with prejudice.

In Count II of the Complaint, the plaintiff claims that, because the defendant has not allowed the plaintiff to be the exclusive provider of nuclear medical services to the defendant for the full sixty-month term of the Contract, Compl. ¶ 19, the defendant "has been unjustly enriched by receiving profits which would not have been received absent its breach of its contractual and fiduciary obligations to [the plaintiff]." *Id.* ¶ 20. The plaintiff then argues that it has alleged the necessary elements for a cause of action for unjust enrichment. Pl.'s Mem. in Opp'n to Dem. ¶ 4. The plaintiff points out that, in order to state a cause of action for unjust enrichment a plaintiff must allege that "(1) [the plaintiff] conferred a benefit on [the defendant]; (2) [the defendant] knew of the benefit and should reasonably have expected to repay [the plaintiff]; and (3) [the defendant] accepted or retained the benefit without paying for its value." *Schmidt v. Household Fin. Corp. II*, 276 Va. 108, 116, 661 S.E.2d 834, 838 (2008).

Even if the plaintiff's argument is correct that it has alleged all three elements, the plaintiff cannot have a cause of action for unjust enrichment where there is an express contract governing the subject matter of the claim. A cause of action for unjust enrichment is based on an implied or quasi-contract. *See Kern v. Freed Co.*, 224 Va. 678, 680-81, 299 S.E.2d 363, 364-65 (1983). The Supreme Court of Virginia has stated that "[t]he law will not impose an implied contractual relationship upon parties in

contravention of an express contract," *Nedrich v. Jones*, 245 Va. 465, 477, 429 S.E.2d 201, 207 (1993) (holding that a claim for recovery under an implied contract was "not objectively reasonable" when the subject matter was defined by the terms of an express contract), and that "[i]t is only in the absence of an express or of an enforceable contract between parties, that the law (whether at law or in equity) will, from circumstances, imply a contract between them." *Ellis & Myers Lumber Co. v. Hubbard*, 123 Va. 481, 502, 96 S.E. 754, 760 (1918). The United States District Court for the Eastern District of Virginia has said that "[i]t is a well-settled principle under Virginia law that unjust enrichment claims arise only where there is no express contract." *Lane Constr. Co. v. Brown & Root, Inc.*, 29 F. Supp. 2d 707, 727 (E.D. Va. 1998) (holding that the plaintiff could not maintain a claim for unjust enrichment for a matter which was governed by an express contract), *aff'd in part and rev'd in part on other grounds sub nom. Moore Bros. Co. v. Brown & Root, Inc.*, 207 F.3d 717 (4th Cir. 2000). Thus, "[a] n unjust enrichment claim will fail as a matter of law where there is an express contract between the parties." *Atlantic Credit & Fin. Special Fin. Unit, L.L.C. v. MBNA Am. Bank*, 2001 U.S. Dist. LEXIS 10957, 15, n. 6 (W.D. Va. 2001) (memorandum opinion).

In this case, there is an express contract between the plaintiff and the defendant governing the subject matter of the plaintiff's alleged unjust enrichment claim. What the plaintiff claims as the defendant's unjust enrichment, the money retained by the defendant for not continuing to employ the plaintiff as the exclusive provider of nuclear medical services to the defendant for the full sixty-month term of the Contract, Compl. ¶¶ 19-20, is exactly what the plaintiff claims as damages caused by the defendant's breach of contract. In its Complaint, the plaintiff states:

> The breaches by [the defendant] of its contractual and fiduciary obligations to [the plaintiff] include, but are not limited to:
>     (a) Refusing to perform its obligations to [the plaintiff] for the 60 month duration of the Joint Venture as required by [the Contract] made the 25th day of August 2003; and
>     (b) Refusing to pay the fees to [the plaintiff] as required by paragraph 6 of [the Contract].

*Id.* ¶¶ 17(a)-(b).

As the plaintiff has pleaded to recover the same damages in both its breach of contract claim and its unjust enrichment claim and as there is an express contract governing the subject matter of the unjust enrichment claim, the plaintiff cannot maintain a cause of action for unjust enrichment. Therefore, the defendant's Demurrer as to the unjust enrichment claim in Count II is sustained without leave to amend, and thus Count II is dismissed with prejudice.

## III. *Punitive Damages*

The plaintiff seeks $350,000 in punitive damages for the defendant's breach of fiduciary duties and for the defendant's bad faith conduct. *Id.* ¶ 24. The Supreme Court of Virginia has ruled that a plaintiff must show "proof of an independent, willful tort, beyond the mere breach of a duty imposed by contract, as a predicate for an award of punitive damages, regardless of the motives underlying the breach." *Kamlar Corp. v. Haley*, 224 Va. 699, 707, 299 S.E.2d 514, 518 (1983). The Court explained that:

> punitive damages may be awarded in a proper case, not as the plaintiff's due, but to punish the wrongdoer and to deter similar conduct. Damages for breach of contract, on the other hand, are subject to the overriding principle of compensation. They are within the contemplation and control of the parties in framing their agreement. They are limited to those losses which are reasonably foreseeable when the contract is made.

*Id.* at 706, 299 S.E.2d at 517.

Thus, "punitive damages are recoverable only if an independent tort is pleaded and proved." *Foreign Mission Bd. of So. Baptist Convention v. Wade*, 242 Va. 234, 241, 409 S.E.2d 144, 148 (1991).

As the plaintiff here has not successfully pleaded any cause of action other than a breach of contract, the plaintiff cannot claim punitive damages. Therefore, the defendant's Demurrer is sustained as to the request for punitive damages in paragraph 24 of the Complaint.

## IV. *Constructive Trust*

The plaintiff also requests "the imposition of a constructive trust in its favor on all profits received by [the defendant] for Nuclear Services since the breach of its obligations to [the plaintiff]." Compl. ¶ 25; *see also id.* ¶ 22. The plaintiff connects this request with its claim of unjust enrichment. *Id.* ¶ 22. The Supreme Court of Virginia has stated that a constructive trust "may arise from breach of a fiduciary duty as well as from actual fraud or unconscionable conduct amounting to constructive fraud." *Greenspan v. Osheroff*, 232 Va. 388, 400, 351 S.E.2d 28, 36-37 (1986). Furthermore, in a case involving real property, the Court said "[a] constructive trust arises not only when there has been actual fraud, but whenever one holding title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it." *Leonard v. Counts*, 221 Va. 582, 590, 272 S.E.2d 190, 195-96 (1980) (internal quotation marks and citation omitted).

As the plaintiff has not properly pleaded a cause of action for breach of a fiduciary duty or unjust enrichment, the defendant's Demurrer is sustained as to the request in paragraph 25 of the Complaint for a constructive trust on the defendant's profits from nuclear services from the time of the alleged breach of contract.

## Conclusion

If counsel for the defendant will prepare an Order sustaining the Demurrer as to all claims (including punitive damages and constructive trust), except the breach of contract allegation, and dismissing those claims with prejudice, and allowing counsel for the plaintiff to note their objections, it would be most appreciated.