# CIRCUIT COURT OF THE CITY OF NORFOLK

Shaqwena Anjoli Daughtry

v.

Gray's Body Shop, Inc., et al.

November 25, 2009

Case No. CL09-2973

BY JUDGE KAREN J. BURRELL

This matter came before the Court on October 9, 2009, on Defendants Demurrer to all counts of the Amended Complaint and Motion for Summary Judgment as to Count II of Plaintiff's Amended Complaint. At that time, the Court made specific rulings relative to the Demurrer and Motion for Summary Judgment but took finding under advisement on Defendants' Demurrer to Count III of the Amended Complaint, pending briefs being submitted by counsel.

The Court has reviewed and considered the relevant pleadings, submitted briefs, and applicable authority and, for the reasons stated herein, overrules Defendant's Demurrer to Count III of the Amended Complaint.

## Legal Standard

A demurrer alleges that "a pleading does not state a cause of action, or . . . fails to state facts upon which the relief demanded can be granted." Va. Code Ann. § 8.01-273 (2008). In ruling on a demurrer, the "trial court is required to consider as true all material facts that are properly pleaded, facts which are impliedly alleged, and facts which may be fairly and justly inferred from the facts alleged." *Luckett v. Jennings*, 246 Va. 303, 307, 435 S.E.2d 400, 402 (1993). The filing of a demurrer, however, "does not admit the correctness of the pleader's conclusions of law." *Fox v. Custis*, 236 Va. 69,

71, 372 S.E.2d 373, 374 (1988). "A demurrer will be sustained when the pleading it challenges lacks 'sufficient definiteness to enable the court to find the existence of a legal basis for its judgment'." *Mark Five Construction, Inc. v. Castle Contractors*, 274 Va. 283, 287-88, 645 S.E.2d 475, 477 (2007) (quoting *Hubbard v. Dresser, Inc.*, 271 Va. 117, 122, 624 S.E.2d 1, 3 (2006)).

## Discussion

On February 27, 2009, Gray's Body Shop, Inc., towed a 2007 Honda Accord (the "Honda"), owned by Plaintiff, from a car accident site to Gray's Body Shop at the request of the Norfolk Police Department. The Honda remained at Gray's Body Shop pending payment of towing and storage fees by Plaintiff. On March 30, 2009, Gray's Body shop sold the Honda in order to satisfy the outstanding towing and storage fees. Plaintiff sued Gray's Body Shop, Guy Gray (the President of Gray's Body Shop), and Donaldson Gray (the Vice President of Gray's Body Shop) for fraud, civil conversion, and violation of the Virginia Consumer Protection Act ("VCPA"). The Demurrer at issue relates to the VCPA claim.

The VCPA provides a private cause of action for consumers against manufacturers or suppliers who make certain misrepresentations in connection with goods or services sold, advertised, or leased in a consumer transaction. *See* Va. Code § 59.1-196 *et seq*. The VCPA defines "consumer transaction" as:

1. The advertisement, sale, lease, license, or offering for sale, lease, or license, of goods or services to be used primarily for personal, family, or household purposes;

2. Transactions involving the advertisement, offer, or sale to an individual of a business opportunity that requires both his expenditure of money or property and his personal services on a continuing basis and in which he has not been previously engaged;

3. Transactions involving the advertisement, offer, or sale to an individual of goods or services relating to the individual's finding or obtaining employment; and

4. A layaway agreement, whereby part or all of the price of goods is payable in one or more payments subsequent to the making of the layaway agreement and the supplier retains possession of the goods and bears the risk of their loss or damage until the goods are paid in full according to the layaway agreement.

Va. Code § 59.1-198.

A. *Scope of the Virginia Consumer Protection Act*

The first issue is whether the Amended Complaint sufficiently alleges "[t]he advertisement, sale, lease, license, or offering for sale, lease, or license, of goods or services to be used primarily for personal, family, or household purposes." Va. Code § 59.1-198.

Defendants correctly note the Amended Complaint does not state a claim under the second, third, or fourth types of consumer transactions. (Defs. Br. Supp. Dem. 4-5.) Certainly, Plaintiff has not alleged any agreement between the parties pertaining to business opportunities, goods, or services pertaining to assisting Plaintiff in obtaining employment, or a layaway agreement on payment of the price of goods.

Defendants claim the Amended Complaint fails to state a VCPA claim pursuant to the first type of consumer transaction because (1) no consumer transaction exists because Defendants rendered services to the Norfolk Police Department, not Plaintiff, and (2) the Amended Complaint fails to allege Defendants' services were to be used by Plaintiff for personal, family, or household purposes.

Count III of the Amended Complaint sufficiently alleges a misrepresentation made in connection with a "sale . . . of goods or services to be used primarily for personal, family, or household purposes." Va. Code § 59.1-198. In this case, Defendants' provided towing and storage services pursuant to Virginia Code § 46.2-1209, understanding they would hold the Honda for its owner (not the Norfolk Police) and that the Honda's owner (not the Norfolk Police) must pay for the services. That initial arrangements for towing and storage were made between the Norfolk Police Department and Defendants, two non-consumers, does not render the towing and storage transaction beyond the scope of the VCPA. See *Virginia Beach Rehab Specialists, Inc. v. Augustine Medical, Inc.*, 58 Va. Cir. 379, 386 (Norfolk 2002) (concluding, in *obiter dictum*, the VCPA does not limit its protection to those transactions taking place directly between a supplier and consumer because the VCPA's definition of "seller" indicates the VCPA is intended to apply to transactions in which the seller sells goods or services to be resold or leased by other persons in consumer transactions).

Furthermore, the Amended Complaint states facts sufficient to infer Plaintiff used Defendants' services for personal, family, or household purposes. Plaintiff states Defendants towed her Honda to their lot and stored it

during Plaintiff's negotiations with the other party involved in the car accident. (Am. Compl. ¶¶ 6, 10.) In paragraph 15 of the Amended Complaint, the Plaintiff says, "her Honda was in the defendants' possession," permitting the inference that the Honda belonged to Plaintiff personally. Altogether, these facts suggest Plaintiff, in her individual capacity, was forced to use Defendants' towing services for a personal purpose, forced avoidance of an ongoing violation of Virginia Code § 46.2-1209, which forbids a person from leaving a car on a roadway in a position where it may pose a hazard.

Nothing in the Amended Complaint suggests Plaintiff used Defendants' services for commercial purposes or for any reason other than avoiding the statutory violation.

Thus, Plaintiff properly states a VCPA claim because the transaction at issue in the instant case fits within the VCPA definition of "consumer transaction" and because the Amended Complaint pleads facts sufficient to permit the inference that Plaintiff used Defendants' services for personal, family, or household purposes.

B. *Effect of Virginia Code § 59.1-199*

The second issue is whether Virginia Code provision § 59.1-199 removes this transaction from the protections of the VCPA. Virginia Code § 59.1-199 provides that "[n]othing in [the VCPA] shall apply to . . . [a]ny aspect of a consumer transaction which aspect is authorized under laws or regulations of this Commonwealth." Virginia Code § 46.2-1209 provides that a party who removes a motor vehicle from a road pursuant to a law enforcement officer's request is entitled to payment of the costs incidental to removal or storage before it is required to return the car to its owner. Section 46.2-1209 further provides that the provider of these services may sell the car if the car owner fails to pay these costs after thirty days and three disinterested dealers determine the value of the car.

Though Virginia Code § 59.1-199 renders the VCPA inapplicable to certain aspects of the transaction at issue in this case, Plaintiff properly states a cause of action under the VCPA. The Amended Complaint alleges misrepresentations by Defendants regarding aspects of the transaction *not* authorized by Virginia Code § 46.2-1209. For instance, Virginia Code § 46.2-1209 did not authorize the sale of the Honda under circumstances other than those identified in § 46.2-1209. The Amended Complaint pleads facts sufficient to support a finding that Defendants did not comply with the requirements of Virginia Code § 46.2-1209 regarding the sale of the Honda. (Am. Compl. ¶¶ 9, 11, 26.) Specifically, Plaintiff alleges Defendants failed to

obtain an estimate of the Honda's value from any disinterested dealer. (Am. Compl ¶ 9.) Therefore, the VCPA applies to the claim that Defendants misrepresented to Plaintiff that her car would not be sold at action.

Finding Plaintiff properly states a claim under the VCPA and Virginia Code § 59.1-199 does not render the VCPA inapplicable to Plaintiff's claim, I hereby overrule Defendants' Demurrer to Count III of the Amended Complaint.