# CIRCUIT COURT OF THE CITY OF CHESAPEAKE

Culpepper Landing, L.C.

v.

City of Chesapeake
City Council et al.

February 28, 2014

Case No. (Civil) CL13-70

BY JUDGE RANDALL D. SMITH

This matter was before the Court on defendants' Special Plea and Demurrer. The parties are aware of the facts and arguments and submitted briefs in support of their respective positions, which need not be restated here.

## I. *Special Plea*

In analyzing a special plea, the Court applies the well-settled law of the Commonwealth, which provides that such a plea "shortens the litigation by reducing it to a distinct issue of fact, which, if proven, creates a bar to the plaintiff's right of recovery." *Tomlin v. McKenzie*, 251 Va. 478, 480, 468 S.E.2d 882, 884 (1996). The moving party bears the burden of proving this single factual issue, and may introduce evidence in support of the plea. *See Cooper Indus., Inc. v. Melendez*, 260 Va. 578, 594, 537 S.E.2d 580, 590 (2000).

Resolution of this issue requires the Court to determine when the plaintiff should have appealed to this Court from the decision by the defendants to deny plaintiff's request to modify its cash proffers.

Virginia Code § 15.2-2285(F) requires that a party appeal the decision of a local government in a zoning matter to the circuit court not later than thirty days from the date of the decision; on this legal standard, the parties are not in dispute. The parties differ as to when the time period began for plaintiffs to appeal under the facts occurring in this particular situation. In the interest of brevity, the Court will not repeat the parties' arguments as they are stated in briefs and were presented orally before the Court. Defendants argue that this matter is comparable to a Court's final order,

whereby once a final order is entered, a court may not retain jurisdiction past twenty-one days, even if stated in the order. Rule 1:1; *Super Fresh Food Mkts. of Va. v. Ruffin*, 263 Va. 555, 561 S.E.2d 734 (2002). Plaintiff argues that that the decision was not final until December 11, 2012, when City Council denied the motion to reconsider.

The Court agrees that the Plaintiff can only appeal from a final decision by the defendant and then must do so within thirty days of that decision. The Court finds that the decision was not final and ripe for appeal until December 11, 2012, and plaintiff, therefore, was timely in its filing under Va. Code § 15.2-2285(F).

On September 18, 2012, Council first heard plaintiff's motion to modify the proffers, which has the same legal effect as a change in zoning ordinance. Defendant denied that request by a vote of five to four. Under rules of Council, the minutes of prior sessions are approved prior to roll call by the City Clerk and before considering any new business. *See* Chesapeake City Council Rules of Order & Procedure § 18 (Dec. 14, 2010) (hereinafter Council Rules).

At the next Council meeting on September 25, 2012, there were no minutes to be approved; on this date Council voted to approve reconsideration of the September 18, 2012, motion on plaintiff's request. This motion was adopted unanimously to be heard at the October 23, 2012, meeting of City Council. It was subsequently continued until the December 11, 2012, session wherein a final decision was made to deny the request for modification. The minutes of the December 11, 2012, Council meeting under the heading "Unfinished Business" show: "Vice Mayor de Triquet . . . moved to deny the Cash Contribution Modification" and a new vote was taken on that motion. The motion was approved by a seven-to-two vote. It seems clear from the nature of the motion and vote that this was a new and final consideration of the plaintiff's request.

In further support of this view, the Court finds that no specific rule in the Council Rules addresses the effect of a decision to reconsider a vote. Posted with City General Terms and Conditions provide that an ordinance is effective thirty days after City Council's actions unless adopted as an emergency ordinance; no such adoption occurred here.

Council Rules § 14 provides, in part:

> [A] motion to reconsider may be made at the next meeting "provided written notice by 3 Members of Council of such motion be filed with the City Clerk before 11:00 A.M. Friday immediateiy following the meeting at which the original motion was made, and at least one of the Council Members requesting such reconsideration having voted on the prevailing side of the original question. Upon the filing of such request for reconsideration of a matter previously considered by the

City Council, the City Clerk shall notify all other Council Members within twenty-four (24) hours after such request has been received by the City Clerk.

Council Rules § 19(d) provides, in part, that "No action shall be taken by the City Council on petition, citizen's request, memorials, communications, or any other matter unless the principal petitioner shall be notified that his/her petition is to be heard and/or final action is to be taken by City Council." Additionally, Council Rules § 25 provides:

In the absence of a rule to govern a point of procedure, reference shall be made to *Robert's Rules of Order Newly Revised*, provided however, that all authority regarding questions or rules of procedure and interpretations of same shall be reserved to the Presiding Officer whose decision shall be final and binding.

*Robert's Rules of Order Newly Revised*, defines a motion to reconsider as a motion which:

Enables a majority in an assembly, within a limited time and without notice, to bring back for further consideration a motion which has already been voted on. The purpose of reconsidering a vote is to permit correction of hasty, ill-advised, or erroneous action, or to take into account added information or a changed situation that has developed since the taking of the vote.

Henry M. Robert III et al., *Robert's Rules of Order Newly Revised* 315 (11th ed. 2011) (hereinafter *Robert's Rules*). *Robert's Rules* further provides, in part, regarding a motion to reconsider:

The effect of *making* a motion to *Reconsider* is the suspension of all action that depends on the result of the vote proposed to be reconsidered, either (a) until the motion to *Reconsider* has been voted on and, if the motion is adopted, until the reconsideration is completed; or (b) if the motion to *Reconsider* is not taken up, until the suspension terminates as follows: if no more than a quarterly time interval will elapse until the next regular session, the suspension terminates with the adjournment of the next regular session; but if more than a quarterly time interval will intervene before the next regular session, the suspension terminates with the end of the same session in which the motion is made. If the motion to *Reconsider* is not called up within these limits of time, the situation becomes the same as if there had been no such motion, and the vote which it

was proposed to reconsider — and any other action held up because of the proposed reconsideration — comes into full force, as if in effect, so far as applicable, from the time the vote was originally taken. . . .

The effect of the *adoption* of the motion to *Reconsider* is immediately to place before the assembly again the question on which the vote is to be reconsidered — in the exact position it occupied the moment before it was voted on originally.

*Robert's Rules*, at 321, 324. This again is how the motion was phrased on December 11, 2012. Therefore, defendants' Special Plea is overruled and dismissed.

## II. *Demurrer*

"A demurrer tests the legal sufficiency of facts alleged in pleadings, not the strength of proof." *Glazebrook v. Board of Supervisors of Spotsylvania Cnty.*, 266 Va. 550, 554, 587 S.E.2d 589, 591 (2003). "[T]he contention that a pleading does not state a cause of action or that such pleading fails to state facts upon which the relief demanded can be granted may be made by demurrer. . . ." Va. Code § 8.01-273. A demurrer "admits the truth of the facts contained in the pleading to which it is addressed, as well as any facts that may be reasonably and fairly implied and inferred from those allegations. A demurrer does not, however, admit the correctness of the pleader's conclusions of law." *Harris v. Kreutzer*, 271 Va. 188, 195, 624 S.E.2d 24, 28 (2006); *see also Kurpiel v. Hicks*, 284 Va. 347, 353, 731 S.E.2d 921, 925 (2012); *Taboada v. Daly Seven, Inc.*, 271 Va. 313, 317, 626 S.E.2d 428, 429 (2006). To survive a challenge by demurrer, a "pleading must be made with 'sufficient definiteness to enable the court to find the existence of a legal basis for its judgment'." *Eagle Harbor, L.L.C. v. Isle of Wight Cnty.*, 271 Va. 603, 611, 628 S.E.2d 298, 302 (2006) (quoting *Moore v. Jefferson Hosp., Inc.*, 208 Va. 438, 440, 158 S.E.2d 124, 126 (1967)).

In the instant matter, plaintiff alleges that defendant's decision was arbitrary, capricious, and unreasonable. This allegation is sufficient to withstand demurrer and allows judicial review of defendant's decision. The standard is for plaintiff to establish sufficient evidence to challenge the presumption of reasonableness, and, if this threshold is established, defendants must show some evidence to make the matter fairly debatable. *See Newberry Station Homeowners Ass'n v. Board of Supervisors*, 285 Va. 604, 620–21, 740 S.E.2d 548, 557 (2013) (quoting *Town of Leesburg v. Giordano*, 280 Va. 597, 606, 701 S.E.2d 783, 787 (2010)). This is a legislative decision and is, therefore, presumed reasonable. Plaintiff has alleged sufficient facts to withstand the demurrer standard. Therefore, the defendants' demurrer is overruled.